DETERMINED IN

# THE SUPREME COURT

OF THE

# TERRITORY OF NEW MEXICO.

## JANUARY TERM, 1866.

## JAMES THOMAS *v.* DAVID W. McCORMICK.

LOST NOTE, AVERMENTS IN ACTION ON.—A petition in an action on a lost or destroyed note, distinctly averring the fact of its loss or destruction, without showing the manner of it or the diligence used to find the note, is sufficient, these latter facts being merely matters of evidence.

REFUSAL OF CONTINUANCE DISCRETIONARY, AND NOT ERROR, WHEN.—The refusal of a continuance asked for, on the ground of absent testimony, rests in the sound discretion of the court, and unless there is a clear and palpable abuse of that discretion, an appellate court will not reverse the judgment because of such refusal.

AFFIDAVITS FOR CONTINUANCE CLOSELY EXAMINED.—It is the duty of the court to examine well into the consistencies and inconsistencies of affidavits for a continuance, and to refuse the application if it appears to have been made merely for delay.

INSUFFICIENCY OF AFFIDAVIT FOR CONTINUANCE.—An affidavit for a continance because of the absence of material witnesses, which does not show that they have been summoned or explain the failure to summon them, where the witnesses reside within eight miles of the court, and which states that the party is informed that one of the witnesses is sick, but does not show the nature or severity of his sickness, or that he is unable to attend court, is insufficient, particularly where it is inconsistent with an affidavit filed as ground for a previous continuance.

EVIDENCE OF LOSS OF NOTE AND SEARCH THEREFOR.—In an action on a lost note, the testimony of witnesses, showing that the note was filed with the clerk in a previous action commenced thereon, and that upon making diligent search afterwards in the clerk's office, the note and other papers could not be found, is sufficient proof of the loss.

APPEAL from the district court for Mora county. The case is stated in the opinion.

*T. D. Wheaton,* for the appellant.

*Ashurst and Tompkins,* for the appllee.

By Court, BENEDICT, C. J.:

This was a petition in the form of an action of assumpsit upon a note lost or destroyed, with a common count for goods, wares, and merchandise. The appellee filed a demurrer to the petition, which was overruled by the court. He then filed a special plea to the first count, which was demurred to by appellee, and his demurrer was sustained, with leave to appellant to amend. The latter then amended his special plea, and filed the general issue, and the appellee joined issue upon the pleas. These proceedings were had at the September term, 1863.

When issue was joined the appellant applied for a continuance founded upon an affidavit, setting forth the absence of two material witnesses whose attendance he had diligently attempted to procure, without success. The court granted the continuance. At the April term, 1864, the appellant again applied for a continuance upon another affidavit, upon the ground of the absence and materiality of two other witnesses, different from those mentioned at the preceding term.

This application was refused by the court. The parties then, by agreement, dispensed with a jury, and submitted the case to the court for trial, and after hearing the testimony the court found a verdict for the appellee, and rendered judgment. The appellant then moved through the formalities of a new trial and arrest of judgment, both of which were overruled, and then he appealed to this court. The appellant assigns for error, the overruling of the demurrer to the declaration, the refusing a continuance, and the giving judgment for the plaintiff, and not for the defendant.

The objection made to the petition is, that it did not sufficiently aver the mode and manner of the loss or destruction of the note sued upon, and the search which had been made to find it. The loss or destruction of the note is dis-

tinctly and positively averred, and this was sufficient. The manner and fact of the loss or destruction, and the diligence of the search to find it, were matters of proof, all of which would be given and contested by counter evidence under the averment of the declaration. We see no error in overruling the demurrer.

The appellant in his special plea averred that he and the appellee had been partners in trade, and that upon the settlement of their affairs at the conclusion of their partnership, he gave to the appellee the note in question for six hundred dollars, a balance which the latter claimed to be due him. That the appellee had kept the books and accounts of the concern falsely and fraudulently, and by false and fraudulent representations had procured the appellant to give the note sued upon, when in truth and fact he did not owe the appellee any sum of money whatever, and that therefore the note was given without consideration.

At the September term, 1863, the appellant, in his affidavit for a continuance, swore to the absence of one E. Juan Doris, of the county of San Miguel, and Manuela Espinosa, of the county of Mora, by whom he expected to prove false entries in the books of the partnership, made by appellee, and that he knew of no other witnesses by whom he could prove the same facts he wished to prove by them.

At the April term, 1864, to obtain a further continuance, the appellant made another affidavit setting forth the absence of Lawrence M. Peterson and Jesus Maria Ribera, who, he alleged, were material witnesses in his behalf, and by whom he expected to prove that at the settlement of the partnership the appellee was largely indebted to the appellant, and not the appellant indebted to the appellee, and also by Peterson that the note was obtained by the representations of the appellee that the entries in the books of the partnership were correct.

The affidavit also stated that the appellant knew of no other witnesses by whom he could prove the same facts, and that he had them in attendance at the previous September term.

The granting or refusing of continuances is matter left to

the sound discretion of the court. The granting it can not be maintained as error. We will not say that there may not be such a violent and wanton refusal of a continuance by a court as to authorize an appellate court to review and arrest the action of the district court. It must, however, be a clear and palpable abuse of the discretion reposed by law in the court. In this case the appellant obtained one continuance upon his own affidavit. He claimed Doris was a material witness, residing beyond the limits of Mora county. At the next term he made another affidavit, and his counsel moved for another continuance. In this no mention was made of the witnesses whose testimony was so material at the previous term. Two other persons had become material, and he says they were both summoned and present at the term preceding. He states that he expects to prove by both of said witnesses that at the time of the settlement of the copartnership the appellee was largely indebted to him, instead of his being indebted to the appellee. If this be true, then these witnesses could prove for him a complete defense against the note sued upon.

The suggestion will shape itself into the inquiry, did he not know at the previous term the testimony those witnesses would give? He says he had them summoned and they were in attendance. This would indicate he knew the importance of what they would testify. If not, why procure their presence at court? Yet, in his first affidavit, he swears he knew of no other witnesses except Doris and Espinosa, by whom he could prove the facts of his defense. In the last affidavit he states that he knew of no other witnesses except Peterson and Ribera by whom he could prove his defense set up in his special plea. Furthermore, he stated he had caused subpœnas from the clerk's office to be issued and placed in the hands of the sheriff in due time before the session. Yet it does not appear that either Peterson or Ribera were summoned, though the former lived within three miles and the latter eight miles of the court-house, and any day during the term the continuance was applied for, the former might have been summoned within less than one hour, and the latter in less than two hours. True, the

affidavit says he was informed after the commencement of the court that Ribera was sick, but he forbears any explanation of the nature and extent of the sickness, nor does he state that he himself believes his•witness unable to attend court by reason of any serious malady.   The application to continue was presented on the second day of the term.

We now look at this whole case as it stands in the record.   Many efforts have been made by defendants, in courts, to delay causes by continuances from time to time; but it is seldom that a clearer and more naked case is presented than this we are now considering, where the sole object of the continuance sought was delay and the postponement of the plaintiff below in the prosecution for the attainment of his just rights.   The appellant denied that such was his motive, and some urge that his denial must be taken as conclusive by the court.   The subject-matter of affidavits for continuances is submitted to a court for its inspection and dissection.   It is the duty of the court to be on the alert, that its understanding may not be deceived, imposed upon, or misled to the promotion of frauds and chicaneries and the prevention or delay of justice.   The affidavits are prepared by the litigants' counsel, and it is easy for them to deceive affiants as to the import of what is written for them to swear to.   If a counsel should be unscrupulous, and lost himself to a just sense of honor and truth, such as his profession should cultivate and does demand, he may assure his client that much he swears to is mere matter of form, which must be complied with to conform to the rules of the court.

In this way very honest yet illiterate men may have their confidence abused by one in whose knowledge and position they may confide.   These are considerations to induce a court to examine well the consistencies and inconsistencies of repeated affidavits for continuances.   The judge must be dull, indeed, of understanding, or reckless of his duties in the administration of the laws and justice, who does not guard against the base practices, tricks, and frauds which are sometimes interposed for the sole purpose of thwarting the ends of justice by defeating or delaying what

is right, honest, and lawful. When such interpositions are presented, the judge should have the sagacity and discernment to discover them, and turn them from the accomplishment of their nefarious designs.

In this case, the court, in granting the first continuance, was indulgent to the defendant below. The diligence manifested by him was of a slight character. In the second instance it was almost wholly deficient. He says he caused subpoenas to issue, which were never served, although the witnesses were within eight miles of the court-house, and it is known to one of the members of this court, that the defendant below lived within two miles of said house. The first affidavit set forth two witnesses, by whom the defendant said he expected to prove a part of his special plea, and no others were known by whom the like could be proved. The second wholly ignores the two first named, and finds two others by whom defendant expected to prove his entire defense, and, important as they were, they had not been summoned. From all these facts and circumstances the conviction will force itself upon the mind, that the defendant or his counsel was relying upon defending against the plaintiff as long as possible by means of affidavits. There is a time in all causes when the court should see closed the affidavit defense. If not, the fairest claim, vested in a man of the highest integrity, may be postponed or finally defeated by dint of continued affidavits, and the more unscrupulous the defendant or his counsel may be, the more flagrant may be the wrongs inflicted.. It is the opinion of this court, that the court below exercised its discretion soundly and wisely in refusing the continuance.

The appellant's counsel contends that the court below erred in giving judgment for the appellee. This refers to the testimony given upon the trial. R. H. Tompkins testified (and he was attorney for the appellee) that he filed in the clerk's office of the Mora district court, with John Shock, the then clerk, a declaration with a note, the latter executed by the appellant to the appellee, for the sum of six hundred dollars, dated on the twenty-seventh day of April, 1861, payable twelve months after date, with interest at the

rate of twelve per cent.; that the papers were filed in July, 1862; that he had seen the defendant write, and was acquainted with his handwriting, and believed the note to have been written and signed by Thomas; that it was all in the same handwriting; that he has never seen the note since he filed it; that he had applied to Mr. Shock, and to Mr. Guttman, a subsequent clerk, and to Mr. Ellison, the present clerk, but could get information of the note from any of them; that in company with Mr. Ellison he searched the clerk's office, but could not find it. Mr. Ellison testified, that in September, 1863, along with Mr. Tompkins, he searched the records and clerk's office of the Mora district court for the papers in all the cases that appeared upon the docket for the Mora court, but could find neither the note nor the declaration. He also had made every other inquiry and effort to obtain information in relation to the papers of the Mora court that he thought likely to be available, but could get none, nor had he been able, up to the time of the trial of the cause, to ascertain where the papers were, or if they were in existence.

Upon this testimony, the court, without the intervention of a jury, found for the plaintiff below, the amount of the note and the interest, and rendered judgment against the defendant. It may here be stated, that the county of Mora formerly was included in the second judicial district, which had its judge and clerk; that in the winter of 1863, the legislature merged the whole of the said district within the first district, and Mr. Ellison, as the clerk of the latter, succeeded to, and became the lawful custodian of all the records, books, and papers which pertained to the second district which had become a part of the first. The plaintiff below had instituted his suit against the defendant before the second district had ceased to exist, but the papers in the case, with the note, never came to the hands of Mr. Ellison, nor to his knowledge. The plaintiff filed a new declaration, averring the loss or destruction of the note.

It is insisted that the proof of loss and search was not sufficient to authorize the rendition of the judgment for the plaintiff. The contents of the note, and the loss, the hand-

writing of the defendant and his signature, were clearly proven by Tompkins. The search was abundant. Tompkins applied to the previous clerks, but derived from them no information of the note. With Mr. Ellison, the clerk's office and the papers seem to have been diligently searched.

Mr. Ellison had become by law the custodian of all the former papers of the second district. It was the duty of the preceding clerk to deliver to him all the records, books, and papers which were in the office of the second district. It is to be presumed such was done. Litigants then had to inquire of Mr. Ellison for the records and the papers pertaining to their causes. The search made by him seems to have been a thorough search. The inquiries and efforts made by him to obtain a knowledge of the existence of the papers were fruitless. We do not think the plaintiff was required to produce Shock and Guttman in court to testify. They had no knowledge as to what became of the note. We think the court was fully authorized to find as it did upon the trial and to pronounce the judgment. This court affirms the judgment of the district court, and assesses the interest which has since accrued, and also six per cent. damages, against the appellee. The judgment now rendered shall draw interest at the rate of twelve per cent., that being the rate agreed upon in the note between the parties.

Affirmed.