## PAGE VS. SUTTON, ORLOPP & CO.

1. APPEAL: *From a justice of the peace on judgment by default.*
   An appeal cannot be granted from a judgment by default rendered by a justice of the peace, unless the defendant, within ten days after the judgment is rendered, make application to the justice to set it aside.

2. JUDGMENT BY DEFAULT: *When proper.*
   When a defendant has appeared to the action but interposed no answer or defense, judgment by default may be rendered against him.

APPEAL from *Pulaski* Circuit Court.
Hon. JOHN WHYTOCK, Circuit Judge.
*Benjamin & Barnes*, for appellant.
*Rose, contra.*

HARRISON, J. Sutton, Orlopp & Co. sued P. Cady and Henry Page, before a justice of the peace in Pulaski county, upon an account. The summons was served on Cady but not on Page; and at the return of the summons, judgment by default was taken against Cady and an alias summons issued against Page.

At the return of the alias summons, which was on the 10th day of July, 1873, Page appeared and applied for a continuance of the case, which was granted; and on the 14th day of

July, 1873, the time to which the same had been continued, he again appeared, and the case was, by consent of parties, postponed until the next day. On the next day, the 15th of July, Page failed to attend and judgment by default was rendered against him also.

On the 5th day of August following, Page, without having applied to have the judgment set aside, applied to the justice for an appeal, which the justice refused to allow; whereupon he applied to the judge of the circuit court for a rule on the justice to allow the appeal and to send up to that court a transcript of the proceedings, together with the papers in the case.

The justice in response to the rule returned and showed the foregoing facts; and upon consideration of the sufficiency of the same, the court discharged the rule and dismissed the proceedings. From this order Page appealed.

The provisions of the statute regulating appeals from the judgments of justices of the peace are plain and explicit; that particularly relating to appeals from judgments by default, is as follows :

" No appeal shall be taken from a judgment by default, unless within ten days after the rendering of such judgment, application shall have been made to the justice by the party aggrieved to set the same aside, and such application shall have been refused." Gantt's Digest, 3820.

The appellant, however, contends that having appeared at the return of the summons and obtained a continuance of the case, the judgment subsequently rendered was not a judgment by default. We are at a loss to see how that fact could, in the least, change or affect the case or the judgment to be rendered. The same consequence attended his failure to be present and contest the plaintiff's demand on the last day, as would have followed such failure on the return day of the summons, had he not appeared and got a continuance of the case.

His failure and neglect to defend the suit was an admission of his liability.

Burrill in his Law Dictionary gives this definition of default: "Default. In practice, omission, neglect or failure. When a defendant in an action at law omits to plead within the time allowed him for that purpose, or fails to appear on the trial, he is said to make default; and the judgment entered in the former case is technically called a judgment by default."

Judgments by default, according to the common law practice, are either by *non sum informatus*, where, instead of entering a plea, the defendant's attorney says he is not informed of any answer to be given to the action; or, *nil dicit*, where it is rendered against the defendants for want of a plea.

A default may be after an appearance as well as before.

When no answer or defense is made to the action, no issue is formed between the parties, and there is no trial required to determine the defendant's liabilities; the only inquiry to be made is, as to the amount for which the judgment shall be rendered.

This, it was the duty of the justice to ascertain, and which he did in the same manner he would have done had the defendant not appeared on the return day of the summons. The appellant, not having complied with the statute by applying to have the judgment by default set aside, was not therefore entitled to an appeal therefrom; and his application to the circuit court to compel the justice to allow the same was properly refused.

Judgment affirmed.