LEAHY *v.* WAYNE CIRCUIT JUDGE.

JUDGMENT—BY DEFAULT—WHAT CONSTITUTES.

> In its strict sense a judgment by default is rendered when the previous default of defendant has obviated the necessity of proof; and a judgment entered for plaintiff in ejectment, after an issue of fact is joined between the parties and the case regularly set and called for trial, necessitating proof of plaintiff's title, which is made, is not a judgment by default, though no one appears for defendant at the trial.

Mandamus by Charles Leahy and Susan Leahy to compel Morse Rohnert, circuit judge of Wayne county, to vacate an order denying a motion to correct a journal entry. Submitted April 17, 1906. (Calendar No. 21,600.) Writ denied May 24, 1906.

*Nichols & Durfee* (*James G. McHenry*, of counsel), for relators.

*James Swan*, for respondent.

MONTGOMERY, J. The relators were defendants in an action of ejectment instituted in the Wayne circuit court. The plaintiff was Julia B. Warren. On the 5th day of February, 1905, the default of defendants in the action (relators) was entered. On the 25th of February, 1905, this default was, on motion of defendants, set aside on condition that a plea be entered forthwith, and the cause stand for trial at plaintiff's election. The case was thereupon assigned to Judge Rohnert's division for trial and regularly reached on said 25th day of February. A jury was impaneled, and testimony taken on behalf of the plaintiff. A verdict was rendered for the plaintiff. No one appeared before Judge Rohnert on defendants' behalf. Four days later judgment was entered on the verdict. The form of journal entry of the proceedings of the 25th of Feb-

ruary was that employed in ordinary trials and shows that both parties were in court by their respective attorneys. On March 1, 1905, defendants entered a motion reading as follows:

"Now come said defendants pursuant to the statute, and having paid the clerk of said court all the costs and damages recovered by said plaintiff by the judgment rendered in said cause on the 25th day of February, A. D. 1905, make application for an order vacating said judgment and granting a new trial of said cause."

The motion was promptly granted. Another trial was had resulting in verdict and judgment for the plaintiff. Thereupon the defendants (relators) moved the court to correct the journal entry of February 25, 1905, so as to make the same show that defendants did not appear on the trial. This motion was denied, and the relators ask for mandamus directing the correction of the journal entry.

As the first judgment is no longer in force it is obvious that it would be an idle proceeding to change its form unless the defendants' rights would appear to be greater if the fact of their nonappearance was shown. This was evidently the view of the circuit judge, and he was also of the opinion that the recital in the journal entry did no harm to defendants. It is not claimed by defendants that the judgment was not properly taken. That is to say, there is no showing that plaintiff proceeded irregularly; but the contention is that if the record were made to show that defendants did not appear the judgment would in legal effect be a judgment by default. It is further insisted that as a result of this the defendants would be entitled to treat the judgment entered on the trial of the case after the vacation of the judgment of March 1st as the first judgment in the case and subject to vacation on motion on terms under section 10981, 3 Comp. Laws. At least we gather that this is the ultimate end aimed at, although in relators' brief their position is stated as follows:

"The verdict rendered in said cause on February 25, 1905, and the judgment rendered thereon having been taken by default, relators are entitled to have the record therein corrected to correspond with the facts so as to enable them to make application to have said judgment set aside under the section of the statute providing for the vacating of default judgments." [3 Comp. Laws, § 10982.]

This section provides that a judgment in ejectment rendered by default shall be conclusive after three years; but that within five years after the rendering of such judgment on application of defendant, his heirs, executors, administrators or assigns the court may vacate such judgment and grant a new trial if such court is satisfied that justice will be thereby promoted and the rights of the parties more satisfactorily ascertained and established.

It is manifest that defendants did not, by their motion of March 1, 1905, proceed under this section, as no showing was made or attempted that justice would be promoted by a new trial of the cause. On the contrary, with full knowledge of the facts, defendants saw fit to apply for a new trial, assuming that they were entitled to it as a matter of right which they only were if section 10981 controlled. Having elected to so treat this judgment, it would be an extraordinary proceeding to vacate the order vacating the judgment to enable defendants to attribute to the judgment a different character, and move to set it aside on a new and different showing, and this after the order vacating the judgment had been acted upon, and a new trial had. It is probably not deemed essential by defendants' counsel that a new order of vacation should be made. It is doubtless conceived that if the judgment of February 25th is made to take the form of a judgment by default it would result that the motion for a new trial would be treated as made under section 10982, and not under section 10981. We do not think this would follow. The defendants have, by their action in making their motion and taking a new trial thereunder, elected as definitely as it were possible to do to treat this judgment as a judg-

ment on trial. We are of the opinion that in so treating this judgment, they made no mistake. An issue of fact was joined between the parties, the case was regularly set and called for trial. We do not understand that a judgment by default properly speaking is entered in such circumstances. It is incumbent upon the plaintiff in such a case to make proof of his title. Such was the practice pursued in this case. Judgment was not pronounced upon defendants' default, but upon the case made by plaintiff's proofs. The term "default" has been often loosely used. In its strict sense, however, a judgment by default is rendered when the previous default of defendant has obviated the necessity of proof. A construction of section 10982 which would admit of a defendant absenting himself from the trial and by so doing extend his time for moving for a new trial two years beyond the limit fixed by section 10981, on the plea that a judgment in such case is a judgment by default, should not be adopted unless demanded by the language employed. We do not think it is required. In Anderson's Law Dictionary, tit. "Default," it is said:

"When a defendant omits to plead within the time allowed for that purpose or fails to appear at the trial he 'makes default' and the judgment entered in the former case is a judgment by default."

The same statement is found in Burrill.

It is true as contended by relators' counsel that a default may occur after appearance. The default may consist in failing to plead. But judgment by default cannot be taken after issue joined.

In *Strine* v. *Kaufman*, 12 Neb. 423, a statute which gave the right to a defendant to have a judgment rendered against him in his absence set aside on certain terms was construed. It was held first that absence meant the same thing as default, and, second, that a defendant who had appeared and answered was not in default within the meaning of the statute. It will be seen that the case goes much further than we do in holding that judgment by default

means a judgment on default for want of appearance or plea.

The supreme court of Kansas, in *Covart* v. *Haskins,* 39 Kan. 574, decline to accept the reasoning by which the Nebraska court reaches the conclusion that absence means the same thing as a failure to appear at any time, but also holds that default signifies that there has not been an appearance (answer) at any stage. See, also, *Page* v. *Sutton,* 29 Ark. 304; *Carlon's Adm'r* v. *Ruffner,* 12 W. Va., at page 309. Cases which rest upon the peculiar phraseology of statutes differing essentially from ours cannot control. The relators have lost no substantial right by the action of the circuit judge.

The writ is denied.

CARPENTER, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.