In re James W. Stillman, Petitioner.

MAY 13, 1907.

Present: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)   *Bills of Exceptions.   Default.   Steps to Remove Default.*

By filing in the Supreme Court a petition to establish a bill of exceptions as originally filed in the Superior Court, petitioner rejects the right to bring to the Supreme Court the bill as altered and allowed by the Superior Court.

A bill of exceptions does not lie to a judgment of the Superior Court.

Upon statutory proceedings taken to remove a default, the only question is whether the default ought to stand; not whether the preceding steps in the case were rightly decided.

Petition to establish a bill of exceptions.   Dismissed.

Douglas, C. J.   This is a petition to establish a bill of exceptions to rulings of the Superior Court.

The principal case is an action of libel in which a demurrer to the declaration was overruled by the Superior Court, July 31st, 1906; and in which, January 22d, 1907, the defendant, having pleaded over and gone to trial, was called and defaulted, and damages were assessed by the court.   January 24th the defendant filed his notice of intention to prosecute a bill of exceptions to the decision of the court, and was given until February 10th to file his bill.   February 8th he filed a bill founded on his exception to the ruling upon his demurrer and upon a further exception to the assessment of damages by the court.   February 25th this bill was in part allowed by the Superior Court.   February 28th the defendant filed in this court his petition to establish his bill as originally filed, by which proceeding he rejected the right to bring to this court the bill as altered and allowed by the Superior Court.

The plaintiff moves to dismiss the petition.

It is hardly necessary to repeat, as we recently decided in *Baker* v. *Tyler*, 28 R. I. 152, that a bill of exceptions does not lie to a judgment of the Superior Court.

A judgment by default does not involve the merits of the

case. The issues of fact or law therein are not decided. The default is based solely upon the fact that, whatever case the party had, he did not appear at the proper time to present it; and the remedy which a party has after default is only incidentally dependent upon the merits of his case. The party defaulted may apply to the court where the judgment of default was rendered to remove it (Ct. & Pr. Act, § 428), or to this court for a trial (§ 471). These are the only ordinary remedies given by the statute.

On these statutory proceedings the only question is whether the default ought to stand; not whether the preceding steps in the case were rightly decided. In this case the defendant actually availed himself of the first privilege, and on February 2d, 1907, his motion to remove the default was granted by the Superior Court on certain conditions which he has not performed.

The petition to establish the bill of exceptions must be dismissed, and the papers in the original case will be returned to the Superior Court.

*James W. Stillman,* for himself.

*John W. Sweeney,* for respondent.