No. 18,507.

Eda W. Bettcher, et al. *v.* State of Colorado, ex rel. Colorado General Hospital.

(344 P. [2d] 969)

Decided October 13, 1959.

Mr. GEORGE K. THOMAS, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. THOMAS K. LOUGHLIN, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

COLORADO General Hospital recovered a judgment in the sum of $495.60 and interest thereon at six (6%) per cent per annum from March 18, 1955, for hospital services rendered to Eda W. Bettcher, and the Bettchers seek by their writ of error to have the judgment reversed.

Grounds urged for reversal relate to proceedings having as their purpose the dismissal of the suit, and to the action of the trial court in the course of hearing formal proof of the claim. Because of the circumstances surrounding the disposition of the maneuvers of the Bettchers directed toward obtaining dismissal of the action, it is unnecessary to consider the questions raised revolving around formal proof of the claim.

The complaint was more detailed than required by our Rules of Civil Procedure. Rules 8 (a), 84 and Form 4, Appendix A, R.C.P. Colo. To it the Bettchers addressed

separate answers: each asserted that the complaint failed to state a claim; each set forth affirmative defenses; and in addition Mrs. Bettcher traversed the allegations of the complaint.

On the date of trial counsel for the Bettchers advised the court:

" \* \* \* I wish to say that I have stipulated with counsel for the plaintiff that the only thing to be taken up by the defendants at this hearing is a motion to dismiss for failure to state a cause of action as setup in the answer of both defendants; that so far as the defendants are concerned, *they will stand upon the Court's ruling on this motion, and we don't wish to contest the taking of evidence, or anything else.*

*"We will stand on our motion."* (Emphasis supplied.)

Argument ensued, at the conclusion of which the trial court refused to dismiss. Thereupon the following proceedings took place:

"Mr. Thomas: Let the record show that the defendants elect to stand upon the ruling of the Court. Mr. Loughlin: Was it your intention, Mr. Thomas, that in the event the motion was denied, that you would authorize the confession of judgment in this instance? Mr. Thomas: No, *I wouldn't oppose.* I have nothing. We will elect to stand on our motion, so you can go ahead and take judgment. Mr. Loughlin, Do you wish to contest further? Mr. Thomas: No, *I have elected to stand on my motion to dismiss.* Mr. Loughlin: Does the Court wish us to submit evidence as to the indebtedness at the time? The Court: I think you should make your record." (Emphasis supplied.)

Formal proof of the claim was then made by the hospital, after which the defendants again moved for a dismissal. This motion was denied and the entry of judgment followed.

■ In its broadest modern sense a judgment goes by default whenever between the commencement of a suit and its anticipated decision in court, either of the parties

omit or refuse to pursue, in the regular method, the ordinary measures of prosecution or defense. 49 C.J.S. §187, pg. 324. By the early common law the circumstances here would more nearly approach a judgment by nil dicit. *Wilbur v. Maynard,* 6 Colo. 483. Whether it is a judgment by default or by nil dicit makes little difference, since the operation and effect of either is practically the same. *Manville v. Parks,* 7 Colo. 128, 2 Pac. 212.

A judgment so rendered "is a conclusive adjudication as to the matters and allegations properly averred in the complaint," *Massachusetts Bonding, etc. Co. v. Central Finance Corp.,* 124 Colo. 379, 237 P. (2d) 1079. It determines the plaintiff's right to recover and defendant's liability for the claim alleged, and "cuts off the defendant from making any further opposition or objection to the relief which plaintiff's complaint shows he is entitled to demand." Unless set aside, it precludes urging anything contrary to the complaint. *Title Ins., etc. Co. v. King Land, etc. Co.,* 162 Cal. 44, 120 Pac. 1066. See 49 C.J.S. §200, pg. 356, and 34 C.J. §385, pg. 172.

Bettchers, by asserting that the complaint failed to state a claim, raised an issue of law. By standing on such issue, they forewent issues of fact. When they advised the trial court that they would stand on such issue of law, and would make no contest of "anything else," they, in effect, precluded themselves from setting up any other matters which they might have urged in defense of the suit.

The only issue of law upon which the Bettchers place reliance is the alleged unlawful delegation of legislative power to the Board of Regents of the University of Colorado to fix the charges for patients treated in the hospital. It would appear that the attack is made on C.R.S. '53, 124-4-6, which authorizes the Board of Regents to establish the charges according to a formula therein prescribed.

That such is not a delegation of legislative power, but

432

rather the delegation of a power to the Board to determine some fact, or state of things, upon which the law as prescribed .depends, appears beyond doubt. Such power may lawfully be bestowed. *Board v. Smith,* 22 Colo. 534, 45 Pac. 357, 33 L.R.A. 465.

In *Sapero v. State Medical Board,* 90 Colo. 568, 11 P. (2d) 555, we adopted an oft-quoted passage from *Field v. Clark,* 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294, which has a particular aptness here: "The true distinction * * * is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no valid objection can be made."

Finding no error, the judgment is affirmed.