392 P.2d 580

T. Earl GARRISON, Plaintiff-Appellee,

v.

NAVAJO FREIGHT LINES, INC., a corporation, and Argene Putman, Defendants-Appellees,

and

Carlsbad Transit-Mix Cement Company, a corporation, and Lawrence E. Williford, Defendants-Appellants.

No. 7383.

Supreme Court of New Mexico.

May 11, 1964.

Rehearing Denied June 16, 1964.

McCormick, Lusk, Paine & Feezer, Carlsbad, for T. Earl Garrison.

Atwood & Malone, Bob F. Turner, Roswell, for Navajo Freight Lines and Argene Putman.

Keleher & McLeod, Russell Moore, Albuquerque, for appellants.

NOBLE, Justice.

Plaintiff, Garrison, brought action for personal injuries sustained in an automobile accident against Navajo Freight Lines, Inc. (hereinafter termed Navajo) and Putman, its driver; Carlsbad Transit-Mix Cement Company (hereinafter termed Cement Company) and Lawrence E. Williford, its driver.

Navajo and Putman settled plaintiff's claim against them for $75,000 taking a release, and a dismissal of the complaint against them. Cement Company had filed a cross-claim against Navajo and Putman which remained. The jury returned a verdict against Cement Company and Williford fixing plaintiff's damages at $63,000 after giving credit for the $75,000 received from Navajo and Putman. Judgment was entered pursuant to the verdict and thereafter the cross-claim was dismissed. Cement Company and Williford have appealed from the judgment entered pursuant to the verdict and from dismissal of their cross-claim.

Appellants, Cement Company and Williford, argue that dismissal of their cross-claim against Navajo and Putman was prejudicial error because they assert that plaintiff's release failed to comply with an essential condition of the Uniform Contribution Among Tortfeasors Act. (§§ 24–1–11 to 24–1–18, N.M.S.A.1953)

Section 24–1–15 provides the conditions under which the injured person's release relieves a joint tortfeasor from liability for contribution, as follows:

"A release by the injured person of one [1] joint tortfeasor does not relieve him from liability to make contribution to another joint tortfeasor unless the release is given before the right of the other tortfeasor to secure a money judgment for contribution has accrued, and provides for a reduction, to the extent of the pro rata share of the released tortfeasor, of the injured person's damages recoverable against all the other tortfeasors."

The right of a tortfeasor to secure a money judgment for contribution does not accrue until he has either, (1) discharged the common liability of the joint tortfeasors by payment, or (2) has paid more than his pro rata share thereof. Section 24–1–12, N.M.S.A.1953. In this instance, Navajo and Putman paid plaintiff and took the release before Cement Company's right to secure a money judgment for contribution from Navajo and Putman accrued. Appellants, however, urge that plaintiff only released his "claim for damage" to the extent of the pro rata share of the liability of

Navajo and Putman, but did not expressly reduce his "damages recoverable" as the act requires in order to release a settling tortfeasor from liability for contribution. We cannot agree.

■ The purpose of § 24–1–12 is to prevent the injured person from relieving one joint tortfeasor of the obligation of contribution except where he has also released the other tortfeasors from the pro rata share of the common liability. 9 Uniform Laws Annotated 245.

Garrison's release recites:

• "* * * First Party does hereby reduce his claims for damage to the extent of the prorata share of the liability of Navajo Freight Lines, Inc., a corporation, and Argene Putman, their agents, servants and employees, for First Party's injuries and resulting damages recoverable against all other tortfeasors."

■ Under express language of the Uniform Act, the effect of the release of one joint tortfeasor upon the injured person's claim against remaining tortfeasors is to reduce it in an amount at least as great as the consideration paid for the release, and to a larger amount if the release so provides. This provision prevents a double recovery by the injured person. However, the Uniform Act protects the right of a non-settling joint tortfeasor to collect contribution from the one released unless the release provides for a reduction, to the extent mentioned in § 24–1–14, N.M.S.A.1953, of the damages recoverable from the remaining tortfeasors. 9 Uniform Laws Annotated 163; Raughley v. Delaware Coach Co., 8 Terry 343, 47 Del. 343, 91 A.2d 245.

■ The release must, of course, be read as a whole and the intent of the parties gathered from the entire instrument and not from separate portions. Colorado Tel. Co. v. Fields, 15 N.M. 431, 110 P. 571, 30 L.R.A., N.S., 1088; Phillips Petroleum Co. v. McCormick, (C.C.A.10) 211 F.2d 361; Fanderlik-Locke Co. v. United States, (C.C.A.10) 285 F.2d 939. When so read, we think it is clear that plaintiff intended to and did by the language employed, provide for a reduction, to the extent of the pro rata share of Navajo and Putman, of plaintiff's damages recoverable against Cement Company and Williford. Indeed, the legislature appears to have interpreted the terms "claim" and "damages recoverable" synonymously. In § 24–1–14, it is said that the release, under certain circumstances, has the effect of reducing the "claim" of the injured person against other tortfeasors, while in § 24–1–15, the same right is spoken of as "damages recoverable."

Appellants' contention that plaintiff's release of the joint tortfeasors Navajo and Putman had the effect of reducing the verdict against the remaining tortfeasors by the pro rata share of the settling tort-

feasors does not require any change in the verdict for damages against appellants in this instance. We have discussed the provisions of statute and of the release executed by plaintiff to the settling tortfeasors. It was pointed out that the release specifically reduced plaintiff's claim against appellants by the pro rata share of the liability of Navajo and Putman. The jury was so instructed and the verdict, under the court's instructions, was in the amount of $63,000 "after allowing for all sums paid by other defendants." Under the instructions and the verdict, the jury necessarily found the damages to be $138,000. Appellants were given credit for more than the pro rata share of the settling tortfeasors of the total damages found by the jury. Since the pro rata share of the settling tortfeasors was less than the consideration paid for them for the release, the total damages found by the jury was reduced by the amount of the consideration paid in accordance with the provisions of § 24–1–14, N.M. S.A.1953.

Appellants complain of the fact that the jury was advised of the $75,000 payment, the instruction that credit must be given for such sum, and that the jury could only return a verdict against Cement Company and Williford for such amount as they determined would compensate plaintiff after crediting the sum of $75,000. They rely strongly upon Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 110 A.2d 24, said to be the landmark decision on the amount by which a judgment against a non-settling tortfeasor should be reduced, and upon Smootz v. Ienni, 37 N.J.Super. 529, 117 A.2d 675. The New Jersey decisions are clearly distinguishable because the New Jersey Joint Tortfeasors Contribution Law of 1952 did not include in its statute sections 4 and 5 (§§ 24–1–14 and 24–1–15, N.M.S.A. 1953) of the Uniform Contribution Among Tortfeasors Act, 9 U.L.A. 156.

■ Having determined that the release, in this case, was taken pursuant to the statute, §§ 24–1–11 to 24–1–18, N.M.S.A.1953, appellants' contention that the release of one joint tortfeasor releases all joint tortfeasors is without merit.

■ Appellants argue that the court's refusal to give their requested instruction No. 21 constituted error, and rely on Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028; Hanks v. Walker, 60 N.M. 166, 288 P.2d 699; Clay v. Texas-Arizona Motor Freight, Inc., 49 N.M. 157, 159 P.2d 317; Terry v. Biswell, 66 N.M. 201, 345 P.2d 217; and Stewart v. Oberholtzer, 57 N.M. 253, 258 P.2d 369, where we held it to be prejudicial error to refuse to instruct specifically on a litigant's theory of the case, provided such theory is pleaded and there is evidence to support it. The request would have instructed the jury that the driver of the cement truck was not negligent if his truck became disabled and he was making every

effort to drive it off the traveled portion of the highway so as to leave a clear view and all possible width of the highway for the free passage of other vehicles. The tendered instruction, however, quoted §§ 64–18–49 and 64–20–52, N.M.S.A.1953, both of which relate to disabled vehicles stopped on the highway. No evidence has been pointed out to us that the cement truck was stopped at the time of the accident. On the contrary, it appears uncontradicted that it was still moving slowly and did not come to a stop until some distance beyond the point of impact. We find no error in refusing the tendered instruction.

Finally, appellants urge error by reason of the court's refusal to vacate the setting of the case for jury trial on August 20, 1962 and continuing the cause until after January 1, 1963. In Houston Fire and Casualty Insurance Co. v. Falls, 67 N.M. 189, 354 P.2d 127, we said that:

"* * * the matter of the continuance of a cause rests within the sole discretion of the trial court and will not be interfered with upon appeal, unless it appears that the trial court has abused its discretion. * * *"

From a review of the record, we cannot say that the trial court abused its discretion.

It follows that the judgments appealed from should be affirmed. It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.