482 P.2d 58

Edward SCHMIDER, Plaintiff-Appellee,

v.

Ben SAPIR, Defendant-Appellant.

No. 9090.

Supreme Court of New Mexico.

March 8, 1971.

Keleher & McLeod, John B. Tittmann, Albuquerque, for appellant.

Julius Wollen, Mary C. Walters, Albuquerque, for appellee.

## OPINION

STEPHENSON, Justice.

This action for damages for waste was filed in the District Court of Bernalillo County by the plaintiff-appellee as landlord on February 25, 1965. The case was tried to the court, sitting without a jury, on December 31, 1969. The court entered judgment in favor of appellee for $6,593.00. Appellant moved for a new trial or remittitur, following the denial of which this appeal was taken.

The question presented for our consideration involves the trial court's refusal to grant appellant a new trial and to hear his evidence.

A review of the record reveals that the second count of the first amended complaint, upon which the judgment was based, alleged various items of damage and waste and sought judgment for their total sum of $6,593.00, punitive damages of $25,000.-00 and reasonable attorney's fees. Appellant filed an answer. Notice of the trial, set for December 31, 1969, was given in September, 1969. On the appointed day, appellee announced he was ready, but appellant's counsel said that neither appellant nor his counsel was ready; that although appellant had been advised of the hearing, he had been called to New York on an emergency; that counsel had reached him by phone the preceding afternoon but appellant had said he could not be in Albuquerque until the following week; that another attorney in the same firm had been handling the case but due to "a New Year's Eve conflict" counsel had learned only the day before that he would have to appear; and that he had attempted to reach appellee's counsel regarding these problems the day before without success. Counsel for appellant moved for a continuance or, in the alternative, if the court decided to proceed, a few days indulgence to permit appellant to testify the following week.

There was no compliance with § 21–8–7 and 21–8–8, N.M.S.A., 1953, which provide, respectively:

"All applications for a continuance shall be supported by oath unless the facts be within the knowledge of the court, in which case it shall be so stated on the record."

And

"The motion for continuance must be filed on the second day of the term, if it is then certain that it will have to be made before the trial, as soon thereafter as it becomes certain that it will so need to be made, and shall not be allowed to be made when the cause is called for trial, except for cause which could not, by reasonable diligence, have been before that time discovered; and if made after the second day of the term, the affidavit must state facts constituting an excuse for the delay in making it. If time is taken when the case is called to make such motion, the motion shall be made

and determined as soon as the court opens after the next ordinary adjournment."

The motion was denied and appellee proceeded with his evidence. Counsel for appellant remained throughout and participated fully in the proceedings, making objections, entering into stipulations, and cross-examining appellee's witnesses. At the conclusion of appellee's case, counsel again requested an opportunity to put his client on the stand the following week. This request was denied and the court heard the arguments of counsel, at the conclusion of which he announced his ruling.

Appellant's motion for new trial or remittitur seeks to excuse appellant's absence and says that had he been present, evidence would have been introduced to refute appellee's claims, and then outlines such evidence. The motion was supported by affidavits which were in turn supported by various exhibits. Appellee filed a counter-affidavit.

Appellant now asserts that because the trial court refused to grant defendant a week's delay within which to appear and produce his evidence, granted judgment in the exact amount prayed in the complaint, and refused to grant a remittitur based upon the affidavits submitted, in truth and practical effect, the judgment was by default; that, therefore, the rules of law relative to granting relief from default judgments should apply.

We cannot agree that the judgment was by default.

An answer had been filed. The trial court did not grant judgment as prayed in the complaint. There was no award of either punitive damages or attorney's fees.

The bill of exceptions, certified in proper manner and form by the trial judge and showing no objections by appellant, states at the onset that this case "came on for trial on the merits." The preamble of the judgment recites that the matter had come before the court "for trial on the merits." Further recitations cover the appearance of counsel, the taking of testimony and the examination of evidence. The judgment bears the signature of counsel for both parties, by which we take it that both attorneys approved the judgment as to form.

"In a strict sense a default judgment is one taken against a defendant who, having been duly summoned in an action, fails to enter an appearance in time; but the term is now usually applied where default occurs after appearance as well as before, * * *." 49 C.J.S. Judgments § 187 (1947). Such subsequent omissions forming the basis for entry of judgment by default may consist of failure to appear at the trial or some other failure " * * * to take some step required by some rule of practice or some rule of court." Id.; Leahy v. Rohnert, 144 Mich. 304, 107 N.W. 1060, 115 Am.St.R. 443 (1906). " * * * [A] judgment goes by default whenever between the commencement of the suit and its anticipated decision in court either of the parties omits or refuses to pursue, in the regular method, the ordinary measures of prosecution or defense." Bettcher v. State ex rel. Attorney General, 140 Colo. 428, 344 P.2d 969 (1959). A judgment by default does not involve the merits of the case. It is based " * * * solely upon the fact that, whatever case the party had, he did not appear at the proper time to present it." In re Stillman, 28 R.I. 298, 67 A. 4 (1907).

A succinct definition of a judgment by default is implicit in Rule 55, which relates to that subject. [§ 21–1–1(55), N.M.S.A., 1953]. Subsection (a) directs the clerk to enter default for a party against whom the judgment is sought when he has "failed to plead or otherwise defend as provided by these rules." The definition of a default judgment which we have said is implicit in the rule quoted seems to have achieved acceptance. It is stated in 3 W. Barron and A. Holtzoff, Federal Practice and Procedure, § 1212 (rev. ed. C. Wright 1958), in

speaking of the procedural prerequisites for the entry of a default by the clerk:

"Certain elements must be present for this to be done. There must be a claim for affirmative relief and a failure to plead or otherwise defend on the part of the opposing party."

The "default" referred to in the rules and in the last quotation is a statement in appropriate form by the clerk as to the state of the record. It serves to invite the attention of the court to a party's omission to plead or otherwise defend, and to the fact that the case is ripe for the entry of judgment by default.

Obviously, the judgment entered in this case of which complaint is made, was not a "default" judgment. The appellant had appeared and answered and his counsel had participated fully in the trial and the other proceedings in the manner that we have described. Having concluded that the judgment was not by default, Rule 55(c) [§ 21–1–1(55) (c), N.M.S.A.1953] regarding setting aside default judgments has no application.

In truth, it seems to us that the real gist of appellant's position simply involves the propriety of the court's ruling in refusing to grant a continuance. Notwithstanding appellant's arguments predicated upon the judgment being by default, the appellant stated in the brief in chief:

"Under all of the circumstances, the court abused its discretion and committed error in refusing to allow defendant additional time to produce evidence * * *."

■■ The granting or denying of continuances is a matter within the sound discretion of the trial court, and such actions will be reviewed only where palpable abuse of discretion is demonstrated. This has been the rule from the earliest days in New Mexico. Territory v. Ortiz, 1 N.M. 5 (1852); Waldo, Hall & Co. v. Beckwith, 1 N.M. 182 (1857); Thomas v. McCormick, 1 N.M. 369 (1866); Beall v. Territory, 1 N.M. 507, rev'd on other grounds, 83 U.S. (16 Wall.) 535, 21 L.Ed. 292 (1871). The same rule has consistently been applied down to modern times. State v. Tapia, 81 N.M. 365, 467 P.2d 31 (1970); Tenorio v. Nolen, 80 N.M. 529, 458 P.2d 604 (1969); Garrison v. Navajo Freight Lines, 74 N.M. 238, 392 P.2d 580 (1964).

We see no abuse by the trial court of its discretion in denying the continuance. Accordingly, the judgment should be affirmed.

It is so ordered.

TACKETT and McMANUS, JJ., concur.