679 P.2d 826

**Cliff SKELTON, Petitioner-Appellant,**

v.

**Sherri Ann (Skelton) GRAY, Respondent-Appellee.**

**No. 14999.**

Supreme Court of New Mexico.

April 17, 1984.

Michael E. Vigil, Marchiondo & Berry, P.A., Albuquerque, for petitioner-appellant.

Dewie B. Leach, Hobbs, for respondent-appellee.

## OPINION

WALTERS, Justice.

Petitioner-husband was awarded custody of the parties' minor child in 1980. In January, 1983, the respondent-wife moved for a custody change in her favor and for reasonable child support. Following a hearing in March, the trial court awarded custody to the wife and at that time withheld a ruling on the amount of support in contemplation that a figure would be set by the court if the parties could not agree on a reasonable amount. Husband retained new counsel after the hearing, and counsel was allowed, by mailed notice, until April 18th to file requested findings and conclusions. The requests were received by mail and filed in the district court clerk's office on April 22nd. In the meantime, on April 21st, wife's attorney presented an order to the trial court, *ex parte*, which modified custody and established $300 per month as support. The order was signed and entered at 3:30 p.m. on that date.

Husband's counsel thereupon moved to vacate the April 21st order on grounds that it had been entered *ex parte* and, further, that it was contrary to representations by wife's counsel that in the absence of an agreement on child support, he would bring that matter to the attention of the court by motion. The husband's motion asked that his requested findings and conclusions and the court's findings and conclusions be entered, and a hearing on support held, before the court's order be filed. The motion was denied; husband appeals and argues (1) that the April 21st order was void, and (2) that the change of custody is not supported by the evidence.

We do not reach the second issue raised by the husband because of our disposition of his first argument. On that issue, husband argues (a) that the order modifying custody was entered *ex parte* before the time for filing findings and conclusions had run; (b) that it was presented to the court without notice to opposing counsel; (c) that it was a default order requiring three days' notice under NMSA 1978, Civ.P.R. 55(b) (Repl.Pamp.1980), and that it was therefore void for all of those reasons.

There is no question that the order was entered before the end of the business day in which findings and conclusions could have been filed by husband.

In itself, that acceleration of the time allowed would not be fatal, since it is not disputed that husband's requested findings and conclusions were untimely by one day,

even after allowing time for mailing as provided in NMSA 1978, Civ.P.R. 6(d) (Repl.Pamp.1980). Thus, even if presentation and filing of the order had been delayed an additional hour or two, husband's requested findings and conclusions would not have been filed at that time.

It appears, also, however, that wife's counsel violated the local rules of the Fifth Judicial District which require an order or judgment to be initialed by attorneys for all parties to the cause before being submitted to the judge for signature, or otherwise contain a satisfactory certification that opposing counsel failed or refused to do so after service of the proposed order by mail, and that no objection was made to the proposed order by opposing counsel within five days of such mailing. Fifth Judicial District Rule n. 3., filed with the Supreme Court in accordance with NMSA 1978, Civ. P.R. 83 (Repl.Pamp.1980). The trial court's order does not reflect notice of any kind to opposing counsel, nor does it contain opposing counsel's initials. It was an order submitted to the court in violation of the local rules, and not in accordance with counsel's advice to husband's lawyer that he would ask, by motion, for a ruling from the court if the parties could not reach an agreement on the support amount.

 We do not agree, however, that it was a default judgment even though the court order "ordered" that "the Petitioner is in default for having failed to file Requested Findings of Fact and Conclusions of Law within the time ordered by the Court." "A judgment by default does not involve the merits of the case * * * [but] is based ' * * * solely upon the fact that, whatever case the party had, he did not appear at the proper time to present it.' " *Schmider v. Sapir*, 82 N.M. 355, 357, 482 P.2d 58, 60 (1971) (Citation omitted). The order in this case clearly was a decision on the merits. Consequently, the three-day notice required by Rule 55(b) does not apply. But the submission of the order *ex parte*, in addition to being contrary to the procedure that wife's counsel represented he would take, was nevertheless violative of NMSA 1978, Section 39–1–2. It is true that at the end of the March hearing the court announced its determination of the custody matter. It reserved, however, the question of support. The judgment submitted covered both issues and, consequently, notice should have been served on petitioner-husband's counsel before entry of that judgment. *Id.* Husband having moved to vacate the judgment because of its *ex parte* nature, it was error for the trial court to refuse to do so. *Barelas Community Ditch Corp. v. City of Albuquerque*, 63 N.M. 25, 312 P.2d 549 (1957). In speaking of failure of notice in a default judgment situation, we said:

> Where notice * * * is required, but not given, such a judgment entered without notice must be vacated as a matter of law.

*Mayfield v. Sparton Southwest, Inc.*, 81 N.M. 681, 683, 472 P.2d 646, 648 (1970). We see no reason not to apply the same rule in any case requiring notice before entry of judgment. *Ex parte* orders and judgments often lead to the deprivation of due process, *see Ex parte City of Ashland*, 256 Ky. 384, 76 S.W.2d 43 (1934), and unless specifically authorized by statute and the circumstances of the situation, are not to be condoned.

The matter is remanded with instructions to set aside the judgment entered and to proceed in a manner consistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, J., concur.