# Will v. Knoblauch, Appellant.

*Negligence—Landlord and tenant—Apartment house—Licensee— Case for jury.*

In an action of trespass to recover damages for personal injuries the testimony on the part of the plaintiff was that she was injured by the collapse of a skylight in an apartment house. There was also evidence that the landlord had instructed her that the skylight was safe to walk on and had been built to enable the tenants to go out on it and clean windows.

Under such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained.

Where a landlord of an apartment house represented to the tenant that certain portions of the premises, of which he retained possession and control, was adequate and safe for use by his tenants in a certain way, and the inadequacy and danger of said portion of the premises for said purpose was not obvious and manifest, and the tenant, in reliance upon the landlord's representation, went upon such portion of the premises to carry out the purpose indicated by the landlord, and was injured by the collapse thereof, the case was for the jury.

Argued November 14, 1927. Appeal No. 330, October T., 1927, by defendant from judgment of C. P., Berks County, August T., 1925, No. 206, in the case of Florence S. Will v. Tobian Knoblauch. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for personal injuries.
Before SCHAEFFER, P. J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the amount of $2,500, and
judgment thereon. Defendant appealed.

*Error assigned*, among others, was the refusal of
defendant's motion for judgment non obstante vere-
dicto.

*Joseph R. Dickinson*, for appellant.

*E. H. Deysher*, and with him *Harry W. Lee*, for ap-
pellee.

OPINION BY TREXLER, J., March 2, 1928:

The appellant is the owner of an apartment house,
the first floor of which is occupied as a garage. There
is a light shaft extending upward in the center of the
building between the apartments used for dwelling
purposes. On the second, third and fourth floors and
at the bottom of the light shaft, there is a skylight
which admits light into and forms the roof of part
of the garage. There are windows opening into the
light shaft from the various floors, but there are no
entrances or steps of any kind opening or leading into
it from the apartments.

The plaintiff was the occupant of an apartment on
the second floor and the sills of the windows of her
apartment facing upon the light shaft were twenty-
four inches above the floor of the apartment on the
inside and about fourteen inches above the skylight on
the outside. The skylight was constructed in the
usual and ordinary manner and was in good condi-
tion. In the latter part of the year, 1924, the owner,
the appellant, desiring to remove snow or ice from a
drain, entered the apartment leased to the appellee

and requested the permission for his employee to go through her apartment to go out on the skylight and clean away the snow; whereupon, the appellee asked, "Is it all right to go out on there?" and the appellant responded, "Oh, yes, that is what it is built for, it is built for you tenants to go out and clean windows on the outside."

Shortly after that, the appellee, for the purpose of cleaning her windows, went out through an opened window and stepped upon the glass of the skylight, broke through and fell to the garage floor and was injured. The glass was covered with dirt at the time. The skylight consisted of pieces of translucent but not transparent glass, eighteen inches wide and seventy-two inches long and one-fourth inch thick, supported by a copper frame. It appeared in the trial of the case that the skylight was not sufficient to sustain the weight of an ordinary person and the plaintiff, in this case, is a large woman of more than average weight. She testified that owing to her size, she was unable to clean all the windows which opened upon the air shaft by sitting upon the window sill with her back to the air shaft and reaching upward with her arms, and after the defendant came, she relied upon his statement that the skylight had been built with the object in view that the tenants could go out and clean the windows on it. The verdict of the jury settled the fact that the defendant had made the assertion attributed to him.

It is very evident that the plaintiff's only right to recover must be found in the statement made by the landlord. In the absence of such statement, the plaintiff in going upon the skylight would have been a trespasser and assumed the risks incident to her act. When the statement was made, the legal consequences were that the landlord would be liable for an injury resulting from the acceptance of the statement by the tenant as a basis of action. It is no answer to this

to say that he had fulfilled his duty of maintaining the premises in a reasonably safe condition for the contemplated use thereof, for as far as the plaintiff is concerned, the uses of the skylight were enlarged by the landlord's declaration. There was an added purpose that the skylight was to be reasonably safe for her to walk upon and to go upon to clean the windows. The skylight did not form a part of the premises leased, but it was part of the building under the control of the landlord and when the landlord invited the tenant to use the skylight, it would seem there could be very little doubt that he was responsible. It differs from the cases where a person uses the private property of another by permission or sufferance, for there the person takes upon himself the risk, but in this case the use of the skylight was incident to the enjoyment of the leased premises and the landlord having presumably constructed the skylight knew better than the tenant the use for which it was adapted. Admittedly, this was an unusual use, but no doubt there are skylights constructed strong enough to support the weight of a person and the tenant had a right to rely upon the supposedly superior knowledge of the landlord. At the very time when the assertion was made by the appellee, the landlord had his employee go out on the skylight and remove the snow.

The appellant attempts to draw the distinction between a mere licensee and an invitee and claims that the plaintiff comes under the former designation. Considering the statement made by the landlord, it requires no stretch of words to contrue them to be an invitation on the part of the owner, for the tenant to use the skylight and as was said in Sloan v. Hirsch, 283 Pa. 230, "for such invitee it was the landlord's duty to use reasonable care for his protection." Justice WALLING in that case quoting from 16 R. C. L., p. 1072, states that "Where premises are let to several

tenants, each occupying different portions, but all enjoying or using certain portions in common, such as the entrances, halls, stairways, etc., of the tenements or apartment houses, the landlord is held to be in control, and owes, not only to his tenants, but to those lawfully on the premises as the servants, guests and customers of the tenants, the duty to exercise reasonable care and diligence to keep such parts in safe condition, and for failure to do this he is liable to such servants, guests, etc., injured in consequence of his negligence, and without fault on their part.'' See Pragen v. Gordon, 78 Pa. Superior Ct. 76. When the landlord, by his own statement, enlarged, at least as far as the plaintiff was concerned, the parts of the premises which were for the use of the tenants by the inclusion of this skylight, he became charged with the duty of maintaining it in a safe condition for the purpose indicated. The lower court correctly defined the situation: ''Where a landlord of an apartment house represents to a tenant that a certain portion of the premises, of which he retains possession and control, is adequate and safe for use by his tenants in a certain way and the inadequacy and danger of said portion of the premises for said purpose is not obvious and manifest, and the tenant, in reliance upon the landlord's representation, goes upon such portion of the premises to carry out the purpose indicated by the landlord and is injured by a collapse thereof, we cannot say as a matter of law that the tenant cannot recover.''

The judgment is affirmed.