Frazier *v.* McLiesh, Appellant.

Argued April 28, 1930. Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*David M. Harrison,* for appellant.—The duties owed by a landlord to a person on the leased premises by

the license of the tenant are the same as those owed to the tenant himself: Moore v. Logan Iron & Steel, 3 Sadler 145.

*J. R. Sheppard,* for appellee, cited: Lewin v. Pauli, 19 Pa. Superior Ct. 447.

OPINION BY TREXLER, P. J., July 10, 1930:

The plaintiff and Mrs. Iva Young, a tenant of the defendant, and a gentleman, who was a mutual friend of the ladies, were going to the home of Mrs. Young at 12:10 A. M., on a dark night. They found the door, through which Mrs. Young usually entered, locked and because she had no keys, they proceeded to go around the corner of the house to the door on the other side. When the plaintiff got off the steps on which she was standing and turned around intending to go to the other side of the house, she, on taking the second step, fell in an open areaway or hole and was injured. The opening in the walk was for the purpose of light and ventilation for the cellar. The hole was 18 to 19 inches from the steps and was approximately 28 inches deep, 2½ feet long, 1 foot wide and extending into the walk about six inches, running parallel with the walk. It had no cover or guard and the plaintiff did not know of its existence. It had been there, however, for a long time and was known to the defendant's husband who was her agent. Mrs. Young was not the lessee of the entire building, but only of the second floor; another tenant occupied the first floor.

The appellant has cited a number of cases showing that visitors, customers, servants, employees and licensees in general of the tenant are on the premises as guests of the tenant and not of the landlord and that he owes no duty to such. We think these cases are not applicable to the present. Mrs. Young, the tenant, had no duty in regard to the approach to the building. That was a portion of the premises which

the landlord retained possession of. This court decided in Lewin v. Pauli, 19 Pa. Superior Ct. 447, citing a number of cases, that where a portion of the building is let and the tenant has rights of passageway in common with other tenants, there is no such leasing as will exonerate the landlord from all responsibility for the safe condition of that portion of which he still retains control and which he is bound to keep in repair. As to such portion he still retains the responsibility of and is a general owner to all persons including the tenants. This case has been followed in a number of cases, the last being DuBois Recreation Co. v. Boyle, 95 Pa. Superior Ct. 219.

The matter is not complicated by any proposition such as appears in Harte v. Jones, 287 Pa. 37, where the place of the accident was in tenant's possession and recovery was had on the theory that the premises were dangerously constructed or in such condition as made them a nuisance per se. In the present case, the place where the accident occurred was not in the possession of the tenant. The plaintiff was going to the premises on a proper mission and although the tenant knew of the hole, that knowledge was not imputed to her sister. The jury had a right to conclude that the plaintiff could rely upon the assumption that the sidewalk upon which she was proceeding was in such condition that it might be safely traversed without any danger of falling into an open and unprotected hole. They could very properly conclude that to allow such a condition to remain was negligence.

The judgment of the lower court is affirmed.