## Stabelli et vir *v.* Somerton Building & Loan Association, Appellant.

Argued November 24, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Michael A. Foley,* with him *Henry I. Koplin,* for appellant.

*Frank A. Simons,* with him *Hymen Rubin,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, January 6, 1942:

This appeal is from an order of the court below refusing to enter judgment on the whole record in favor of the Somerton Building and Loan Association, appellant, under the Act of April 20, 1911, P. L. 70, after disagreement of the jury in an action of trespass brought against it to recover for personal injuries.

The Somerton Building and Loan Association is owner of a two-story building, located at 1105 Cottman Street, Philadelphia, consisting of a storeroom on the

first floor and a second floor apartment with a separate outside entrance. By lease dated June 1, 1931, the Association leased the storeroom to Mrs. Stabelli for the purpose of conducting a beauty shop. Leading from the basement to the sidewalk of the premises in question, through an areaway covered by metal doors forming part of the sidewalk, was a wooden stairway, similar in construction to a heavy stepladder, which was supported by two grooves or holes, near the top of the front or street wall of the areaway, in which the upper ends of the sides of the stairway, called "stair horses", rested. Several months after she had entered into possession of the demised premises, Mrs. Stabelli complained to the Association's rental agent that water ran into the basement when it rained, due to the defective condition of the covering of the areaway. As a result of her complaint, the Association made certain repairs, in the course of which it was necessary to break away the cement around the top of the areaway, and, in the work of re-cementing, the holes or grooves which had theretofore supported the stairway were filled up and the wall was made smooth. The stairway was then replaced against the wall, in the same position as before, without any provision whatever being made for its support.

On November 2, 1939, following the alterations to the areaway, Mrs. Stabelli had cleaned the basement, and was in the act of carrying a bucket of water from the basement to the sidewalk, when the stairway, being unsupported, slipped out from under her, causing the injuries for which this action was brought. The jury impanelled at the trial of the case in the court below disagreed and were discharged, whereupon the Association filed a motion for judgment in its favor on the whole record. This motion was refused by the court and the present appeal followed.

On an appeal from an order such as the one here complained of, our only inquiry is whether the record discloses a case in which binding instructions for the ap-

pellant would have been proper at the trial. See *McFadden v. Pennzoil Co.*, 336 Pa. 301. Judgment could not properly have been entered for appellant by the court below, under the Act of 1911, except upon a finding that the evidence in the case and the reasonable inferences therefrom, even when considered in the light most favorable to the appellees, would not justify a verdict and judgment in their favor, and in passing upon this record we are bound to review the conclusion reached from the same point of view. See *Derrick v. Harwood E. Co.*, 268 Pa. 136, 140; *O'Malley v. Laurel Line Bus Co.*, 311 Pa. 251, 253; *Staller v. Phila. R. T. Co.*, 339 Pa. 100, 101. When the record is examined in this light, it cannot be affirmed, as a matter of law, that the status of Mrs. Stabelli in using the basement was that of a mere licensee to whom the Association owed no duty except to refrain from wanton or willful injury, as it contends.

Prior to the execution of the lease, Mrs. Stabelli was given permission to install in the basement, and did install and maintain, a boiler to provide a supply of hot water required in connection with the operation of the beauty shop. She also used the front portion of the basement, which was partitioned into two parts connected by a door, for the purpose of storing supplies, apparently without objection on the part of the Association. The rear portion of the basement was used by the tenant of the second floor apartment, for storage purposes, as well as by other tenants in four adjoining properties owned by the Association, and the separate gas and water meters for all of the tenants in the five properties were located in the basement. This and other evidence disclosed by the record would sustain a finding that the use of the basement and its reasonable means of ingress and egress, control over which was admittedly reserved by the Association, in fact formed part of the consideration of Mrs. Stabelli's lease, although not expressly included therein, and that these portions of the premises were maintained for her benefit and use, in common with

the other tenants of the Association, which finding, if made, would establish the status of Mrs. Stabelli as that of an invitee toward whom the Association, as lessor, owed a duty to exercise reasonable care and diligence to maintain the portion of the premises in question in a safe condition for her use. See *Sloan v. Hirsch*, 283 Pa. 230, 233; *Baldwin v. McEldowney*, 324 Pa. 399, 403-4; *Prager v. Gordon*, 78 Pa. Superior Ct. 76, 78; *Will v. Knoblauch*, 92 Pa. Superior Ct. 537, 540-41; *Frazier v. McLiesh*, 99 Pa. Superior Ct. 168, 170; *Germansen v. Egan*, 130 Pa. Superior Ct. 21, 25-26; Restatement, Torts, Section 360. Under such circumstances, whether the removal by it of the only means of support of the stairway, without providing other adequate safeguard, constituted a breach of duty on the part of the Association, for the consequences of which it is responsible, is clearly a matter for determination by a jury, as the court below rightly held. See *Prager v. Gordon*, supra, 78; *Coles v. Schweppenheiser*, 83 Pa. Superior Ct. 490, 492.

The question of contributory negligence is, in our opinion, likewise one which appellees are entitled to have submitted to a jury. Mrs. Stabelli testified that prior to the accident she had no occasion to use the stairway although she made frequent trips to the basement, using an inside stairway, and the evidence shows that it had been used by her husband, with safety, on several occasions. The mere fact that she was aware that alterations had been made to the areaway, pursuant to her complaints, would not be sufficient to convict Mrs. Stabelli of contributory negligence, unless she knew that the stairway, with the same appearance as before the alterations, was rendered dangerous thereby and appreciated the risk involved in its use, which does not clearly appear. See Restatement, Torts, Section 360, Comment (a). Under the evidence a jury would clearly have the right to conclude that Mrs. Stabelli was not aware of the risk involved and was warranted in assuming that the stairway, which was maintained for her benefit,

could be used, with safety, for the purpose for which it was provided. In this view, the case is not one "where contributory negligence is so clearly revealed that fair and reasonable individuals could not disagree as to its existence" and is not, therefore, one in which such negligence could, with propriety, be declared to exist as a matter of law. See *Altomari v. Kruger,* 325 Pa. 235, 240; *McFadden v. Pennzoil Co.,* 341 Pa. 433, 439.

Order affirmed.