Bowser et ux. *v.* Artman et al., Appellants.

Argued September 28, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*H. A. Heilman* and *Harry C. Golden*, for appellants.

*E. O. Golden*, with him *W. A. Ashe* and *Robert E. Ashe*, for appellees.

OPINION BY MR. JUSTICE DREW, November 14, 1949:

At dusk on August 14, 1945, while a V-J Day celebration was taking place in the Borough of Ford City, Armstrong County, a third-floor fire escape on defendants' apartment building collapsed. Ruth A. Bowser, who had been standing on a balcony with one foot on the platform of that fire escape, plunged to the sidewalk and received crippling injuries. Ruth Bowser and Orlo Bowser, her husband, plaintiffs, brought this action in trespass against Earl Artman and G. C. McElhaney, owners of the building, and defendants herein, to recover damages for those injuries. The jury returned a verdict of $15,000 for the wife-plaintiff and a verdict of $13,000 for the husband. After refusing defendants' motion for judgment n. o. v., the learned court below entered judgments on the verdicts. Defendants now appeal, urging that, in the absence of evidence of actual knowledge of the rotted condition of the fire escape, defendants are not liable for the wife-plaintiff's injuries.

The three-story brick apartment building of defendants is located on the southwest corner of Ford Street and Fifth Avenue and faces Ford Street, an east-west street intersected at right angles by Fifth Avenue. The third floor of the building contained three apartments, two fronting on Ford Street and one, which was leased to plaintiffs, running across the extreme rear of the

building. A small balcony approximately four and a half feet wide extended along the entire front of the building parallel to Ford Street for the use of the occupants of the two front apartments. Immediately adjacent to the end of the balcony and extending four feet beyond the Fifth Avenue side of the building was the platform of the fire escape from which steps led down to Fifth Avenue. The platform and the portion of the fire escape running down to the second floor were supported by a six inch I-beam twenty-one feet long of which seventeen feet were under the balcony, and the remaining four feet under the platform. Additional support was gained from a triangular bracket which was bolted to the Fifth Avenue wall and upon which the fire escape rested. The floor of the platform was level with and the same width as the floor of the balcony but was constructed of metal grillwork rather than wood. The railings around the balcony and the platform, while of the same height, were likewise of different construction. There was no barrier of any type between the platform and the balcony.

On the evening of August 14, 1945, plaintiffs and some of their friends including one Mrs. Clever, the tenant of the corner apartment in the front, were watching a V-J Day parade from plaintiffs' apartment. The parade was proceeding north on Fifth Avenue and then turning left onto Ford Street. In order that they might see the parade as it passed down Ford Street, Mrs. Clever invited plaintiffs and their friends to come to her apartment and view it from the balcony. A number of people were on the balcony and three persons stood on the fire escape platform. When the platform and steps running to the second floor gave way without warning and crashed to the ground, wife-plaintiff was standing with one foot on the balcony and one on the platform. Because of the suddenness of the collapse, wife-plaintiff

could not withdraw to a position of safety and fell to the street below.

The undisputed evidence shows that the collapse of the fire escape was caused by the rusted condition of the I-beam which supported it and also of the bolts and rivets which held it together. It was also proven that those conditions would have been disclosed had defendants made a proper inspection. Defendants argue, however, that wife-plaintiff was a mere licensee and therefore they owed her no duty to inspect the fire escape.

It is well settled that those parts of a building which are used in common by the tenants remain under the control of the landlord: *Goodman et al. v. Corn Ex. B. & T. Co. et al.,* 331 Pa. 587, 200 A. 642; *Baldwin v. McEldowney,* 324 Pa. 399, 188 A. 154; *Frazier v. McLiesh,* 99 Pa. Superior Ct. 168. In the instant case, since the fire escape was for the use of all third floor tenants, it remained under defendants' control and it was their duty to maintain the fire escape in proper repair. If wife-plaintiff was a mere licensee, that duty was only to correct those conditions of which defendants had actual knowledge: *Onstott v. Allegheny County,* 338 Pa. 206, 12 A. 2d 785; *Musto v. Lehigh Valley Railroad,* 327 Pa. 35, 192 A. 888. On the other hand, if plaintiff was an invitee, defendants were under an additional duty of maintaining the fire escape free from any latent defects which would be discovered by reasonable inspection: *Parsons et vir v. Drake et al.,* 347 Pa. 247, 32 A. 2d 27; *Stabelli et vir v. Somerton B. & L. Assn.,* 343 Pa. 460, 23 A. 2d 477.

Defendants contend that wife-plaintiff was a mere licensee when she entered upon Mrs. Clever's balcony, and in the alternative, they argue that even if she was an invitee when she was on the balcony, putting her foot on the fire escape platform to view the parade was using the fire escape for a purpose for which it was not designed and she was, therefore, at best a mere licensee

on the platform. Both of those arguments are readily answered by reference to *Parsons v. Drake,* supra. In that case, plaintiffs, *on their own initiative,* went to visit a friend who was a tenant in defendants' hotel. Finding that their friend was out, they stepped to a balcony and were watching a parade when the balcony collapsed. We there held: (1) That whether plaintiffs were on the balcony solely for their own purposes and consequently as licensees or whether they were there for a purpose connected with a visit to a tenant and therefore as invitees or business visitors was a question for the jury; (2) That the person in control of property is liable to an invitee if he should have known that the invitee would reasonably believe that the property was open to the use to which he was putting it at the time of his injury.

In the instant case, wife-plaintiff went to Mrs. Clever's apartment not on her own initiative but in response to an express invitation by Mrs. Clever. Clearly then, under the first holding of the *Parsons* case, it would be error to hold as a matter of law that plaintiff was a mere licensee when she entered Mrs. Clever's balcony.

Under the second rule of the *Parsons* case, it is evident that it is immaterial whether the fire escape was being used for the purpose for which it was designed. Applying that rule to these facts the question is whether defendants should have known that an invitee would reasonably be led to believe that the platform was open to use as an extension of the balcony. In view of the evidence that the platform, although of different construction than the balcony, was immediately adjacent to and the same level as the balcony with no barrier between them, that question was one of fact and the learned trial judge properly left it to the jury under appropriate instructions. By its verdict, the jury found that defendants should have foreseen such use and that

finding, being amply supported by the evidence, is binding on this Court.

There being no merit in defendants' position we are in full accord with the action of the learned court below in dismissing defendants' motion for judgment n. o. v.

Judgments affirmed.