## Garlinger v. Renninger

*Thomas A. Foulke,* for plaintiff.
*Aaron S. Swartz, 3rd,* for defendant.

KNIGHT, P. J., April 20, 1953.—Plaintiff has a verdict for $148 and defendant has filed the above motions.

Viewing the facts in the light most favorable to plaintiff, as we must, they may be briefly stated as follows: Plaintiff was a roomer in the house of defendant and also paid her $5 or $6 a month for the privilege of putting his car in the garage owned by defendant. This garage was a two-car structure and plaintiff did not have exclusive possession of any part of it. Defendant kept her car also in the garage and

the side in which plaintiff placed his car was used by defendant for the storage of implements and supplies. The garage had two sets of accordian type doors that folded back against the wall. Each set had three panels and the doors ran along a track at the top and through a groove cut in the cement of the floor. If the doors got off the track or did not hit the grove they would stick and it was necessary to maneuver them back and forth until they were in proper position to close.

The doors on the side of the garage used by plaintiff were defective in that they often stuck and plaintiff had complained to defendant about this condition. Plaintiff was familiar with this condition of the door for he had used it for several months before the accident and had asked defendant if he could not leave the door open at all times, but defendant said they should be closed at night to keep out the weather and intruders.

On the night of March 26, 1950, plaintiff put his car in the garage and proceeded to close the door. The door stuck and plaintiff pushed it back and tried again and once more it stuck; for a third time plaintiff pushed back the door by the handle and tried to close it, this time he placed his left hand on the panel and pushed with it in order to apply more force to the balky door when the door suddenly closed and the little finger of the left hand of plaintiff went into the crack between the panels of the door and the tip of the finger was cut off.

In support of the motion for judgment n. o. v., counsel for defendant contends that plaintiff had exclusive possession of his side of the garage and that therefore this case falls within the doctrine of those cases which hold that a tenant takes a property as he finds it and a landlord is not responsible for injuries sustained by the tenant by reason of an existing defect of which

he knows: Harris et ux. v. Lewistown Trust Company et al., 326 Pa. 145 (1937).

We do not think that the present case is that kind of a case. There was no partition between the part of the garage in which plaintiff kept his car and he did not have exclusive possession of any part of the building, he simply paid for the privilege of keeping his car there. The case then falls within that line of decisions which hold a landlord responsible for injuries by defects in that portion of a building which is used in common with other tenants or in common with the landlord: Bowser et ux. v. Artman et al., 363 Pa. 388-391 (1949); Stabelli et vir v. Somerton Building & Loan Association, 343 Pa. 460 (1942).

Counsel for defendant also contends, in support of his motion for judgment n. o. v., that plaintiff is guilty of contributory negligence as a matter of law. It is the duty of everyone to look out for their own safety and to use reasonable care to avoid injury. Here plaintiff knew of the defective condition of the door but he had to use the door for closing the garage not only because defendant requested him to keep it closed at night, but also to protect his own property. He was therefore faced with the choice of either giving up the use of the garage and foregoing the convenience and privilege of keeping his car there, or taking a calculated risk in using the garage with its defective door.

We think whether plaintiff acted with prudence and due care in continuing to use the garage with its defective door was, under the circumstances, a question of fact for the jury. It is this necessity of using the defective door by plaintiff in order to avail himself of the convenience and privilege of using the garage that distinguishes this case from all of the cases cited by counsel for defendant in his brief in which the courts have held a plaintiff guilty of contributory negligence as a matter of law.

In A. L. I. Restatement of the Law of Torts, §893, it is said:

"A person who knows that another has created a danger or is doing a dangerous act or that the land or chattels of another are dangerous, and who nevertheless chooses to enter upon or to remain within or permit his things to remain within the area of risk is not entitled to recover for harm unintentionally caused to him or his things by the other's conduct or by the condition of the premises, except where the other's conduct constitutes a breach of duty to him or to a third person and has created a situation in which it is reasonably necessary to undergo a risk in order to protect a right or avert a harm."

In the present case we are of the opinion that defendant owed plaintiff a duty to maintain the door in a reasonably safe condition and this duty to plaintiff she breached. Plaintiff paid for the privilege of keeping his car in the garage and to exercise this privilege it was necessary for him to operate the defective door in order to protect his property. We therefore think this case comes within the exception noted in the above-quoted section from the restatement.

Even if plaintiff was justified in assuming the risk of operating the defective door it was his duty to exercise due care and the greater the danger the greater the care required. The evidence discloses that if the door operated properly it could be easily closed by pulling a handle with one hand. When the door stuck plaintiff used both hands to close it; one, the right, on the handle to pull, the other, the left, on a panel to add to the force by pushing. If the door had operated properly, it would not have been necessary for him to use his left hand at all. The sudden and unexpected closing of the door is another element to be taken into consideration in appraising the conduct of plaintiff with reference to contributory negligence.

Under all the circumstances we are of the opinion that the contributory negligence of plaintiff was properly left to the jury. We do not think this is a case " 'where contributory negligence is so clearly revealed that fair and reasonable individuals could not disagree as to its existence' and . . . therefore, one in which such negligence could, with propriety, be declared to exist as a matter of law": Stabelli et vir v. Somerton Building & Loan Association, supra, at page 465.

And now, April 20, 1953, the motions for judgment n. o. v. and for a new trial are overruled and it is directed that judgment be entered on the verdict for plaintiff.