449 P.2d 661

George LEBOW, Plaintiff-Appellee,

v.

J. Donald McINTYRE, Defendant-Appellant.

No. 179.

Court of Appeals of New Mexico.

Dec. 30, 1968.

Lyle E. Teutsch, Jr., Santa Fe, for appellant.

Frank P. Dickson, Jr., Standley, Kegel & Campos, Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Defendant rented a horse from plaintiff. The horse was killed before it was returned. Plaintiff recovered judgment for its value; defendant appeals. The principal attack is on the trial court's finding that defendant was negligent.

■ Plaintiff, the bailor, proved delivery of the horse to defendant in good condition and defendant's failure to return the horse. Gray v. E. J. Longyear Co., 78 N.M. 161, 429 P.2d 359 (1967) states:

"* * * Though there appears to be some confusion and variation in the decisions, the trend of modern authorities states the controlling legal principles to be that a bailor makes out a prima facie case of a bailee's negligence by a showing of delivery of the property to a bailee in good condition, and his failure to return, or a return in a damaged condition. At this point, the law presumes negligence and casts upon the bailee the burden of going forward with explanatory evidence to show that the loss did not occur through his negligence, or if he cannot affirmatively do this, he must show exercise of a degree of care sufficient to rebut the presumption of negligence. * * *" (Citations omitted.)

Accordingly, to avoid a judgment against him the defendant had the burden of showing either that the loss did not occur through his negligence or that he exercised a degree of care sufficient to rebut the presumption of his negligence.

The trial court's findings, in substance, are that: On June 7, defendant rented two horses from plaintiff. These horses were tied with a rope attached to a stake driven into the ground about 14 inches. During the night of June 7–8, one of the horses escaped and returned to plaintiff's place.

A part of this return was along a main highway. On June 8 "Little One" was delivered to defendant as a replacement and was tied up to a stake. This was done either by plaintiff or his son. On the afternoon of June 8, defendant and his daughter rode the horses, returned to their camp, fed and watered and tied the horses. The horses were tied as they had been previously tied.

Defendant and his daughter went to town. Upon returning to camp about 10:00 P.M., they found that both horses had pulled up the stakes and run away.

Defendant searched by flashlight in the immediate area of his camp. Not locating the horses he went to bed without further search, without notifying plaintiff that the horses had gotten away and without making any further effort to prevent the horses from getting to the highway.

Shortly after midnight, the police notified plaintiff that "Little One" had been killed. The horse had been on the highway and had been struck by a car.

None of the above findings are attacked. It is undisputed that a rope was broken when the horse escaped on the night of June 7. It is also undisputed that "Little One" and the other horse escaped on the following night by pulling out the stakes. Defendant admitted that he had put the stakes in the ground.

■ On the basis of the foregoing, the trial court could determine that defendant had not established that the loss did not occur through his negligence and had not established that he exercised a degree of care sufficient to rebut the presumption of his negligence. The trial court so ruled when it refused defendant's requested conclusions to the contrary.

■ Defendant attacks the sufficiency of the evidence to support the trial court's finding of negligence. We have determined that the unattacked findings justified the trial court in refusing to find that defendant had met the affirmative obligations imposed upon him by Gray v. E. J. Longyear Co., supra. Having failed to make the required affirmative showing, de-

fendant's prima facie negligence remains in the case. That prima facie negligence supports the trial court's finding of negligence.

 Defendant also complains of the trial court's refusal to find that plaintiff was contributorily negligent or had assumed the risk. The trial court was correct in each of these rulings. The facts being in dispute, it could refuse to find contributory negligence. Defendant fails to point out, and our review of the record fails to disclose, facts on which to base an assumption of risk.

The judgment is affirmed.

It is so ordered.

SPIESS, C. J., and ARMIJO, J., concur.