500 P.2d 444

HARTFORD ACCIDENT AND INDEMNITY COMPANY, a corporation, Plaintiff-Appellant,

v.

Marvin F. BEEVERS, Defendant-Appellee.

No. 900.

Court of Appeals of New Mexico.

July 28, 1972.

Leslie D. Ringer, Santa Fe, for plaintiff-appellant.

J. H. Burttram, Santa Fe, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

A car was taken to defendant's business for repair of a leaking gasoline tank. Defendant placed the car in his building, over a pit. His employee removed the drain plug from the gasoline tank, and held a bucket to catch the gasoline draining from the tank by gravity flow. Within a few minutes a fire occurred which resulted in the loss of the car. The owner of the car was insured by plaintiff. Having paid its insured for the value of the car, plaintiff, as subrogee of the owner, sued defendant for the amount paid. Judgment was entered for defendant. Plaintiff appeals, raising issues as to: (1) bailment and (2) judicial notice.

*Bailment.*

The conclusion that defendant was entitled to a judgment in his favor is based on two findings. The first of these findings states that plaintiff neither proved the origin of the fire nor proved that defendant maintained or created a condition that fell below the standard of care imposed upon a bailee. This first finding does not support the conclusion of no liability on defendant's part.

The evidence is that the car was in good condition (apart from the leaking gas tank) when delivered to defendant and that it was returned to the owner in damaged condition. The trial court's finding of a bailment for the mutual benefit of the bailor and bailee is not attacked. In this situation " * * * the law presumes negligence and casts upon the bailee the burden of going forward with explanatory evidence to show that the loss did not occur through his negligence, or if he cannot affirmatively do this, he must show exercise of a degree of care sufficient to rebut the presumption of negligence. * * *" Gray v. E. J. Longyear Company, 78 N.M. 161, 429 P.2d 359 (1967); Lebow v. McIntyre, 79 N.M. 753, 449 P.2d 661 (Ct. App.1968).

The second finding reads: "The loss of the Plaintiff did not occur through any negligence of the Defendant and the Defendant exercised the standard of care in the premises required of him as a bailee." This finding is consistent with the burden placed on defendant in Gray v. E. J. Longyear Company, supra, and supports the conclusion of no liability on defendant's part.

Plaintiff attacks this second finding, asserting it is contrary to the uncontradicted evidence. We disagree.

The car had been driven to defendant's place of business. There is evidence that some portion of the frame of the car was "wet" with gasoline from the leak. There is evidence that the fire began either with this gasoline, or with the gasoline being drained from the leaking tank into the bucket. Nothing shows what ignited the vapor from the gasoline. Defendant testified that a static spark could have been the igniting source but there is nothing supporting an inference as to the source of this spark.

Against this background, defendant produced evidence to the effect that neither his gas nor his electrical equipment was the igniting source. This evidence consists of the distance of the equipment from the car, its shielding and insulation and the location of the burning while the fire was in progress. He produced evidence as to the ventilation of the building. In addition, he produced evidence that the only equipment in use was a fairly new electric light, used to light the pit, and the bucket being held by the employee to catch the draining gasoline. Defendant testified that in draining the leaking tank there was no deviation

". . . from standard safety practice in the industry," and that he knew of nothing that could have been done to have prevented the fire. Defendant had considerable training and experience in this work and his opinions came into evidence without objection.

■ Although there is conflicting evidence, on review, we are to consider the evidence in the light most favorable to support the finding. Witzke v. Dettweiler, (N.M.Ct.App.), 83 N.M. 802, 498 P.2d 689, decided June 2, 1972. Under this approach, the foregoing evidence is substantial support for the finding that the loss did not occur through defendant's negligence. Compare Lebow v. McIntyre, supra.

*Judicial notice.*

Some days after the trial was concluded, plaintiff filed a written memorandum asking the trial court to take judicial notice of two matters. The trial court declined to do so. Plaintiff asserts this was error. If the two matters should have been judicially noticed, they would have been before the court for consideration in connection with the evidentiary ruling discussed under the "bailment" issue. Thus, the propriety of the second finding, previously discussed, also depends upon whether the judicial notice issue was properly resolved by the trial court.

■ Defendant suggests that the trial court could not properly judicially notice the two matters because the request came after the trial was concluded and, therefore, was not timely. We pass this question because the trial court did not refuse the request as untimely. Compare Boswell v. Rio De Oro Uranium Mines, Inc., 68 N. M. 457, 362 P.2d 991 (1961).

The first matter requested to be judicially noticed was ". . . the New Mexico Rules and Regulations Relating to Flammable and Combustible Liquids. . . ." Plaintiff contends these rules and regula-

tions should have been judicially noticed under § 21–1–1(44) (d) (3), N.M.S.A. 1953 (Repl.Vol. 4) which provides for judicial notice of public and private acts of the executive departments of the state. Plaintiff asserts the rules and regulations were ". . . adopted by the New Mexico State Fire Board on March 1, 1965, pursuant to the authority stated in N.M. Stat.1953 Ann., sec. 4–16–13." The trial court refused to judicially notice these rules and regulations ". . . since there was no showing that these were adopted and then filed with the proper state authorities or agency such as to give them legal effect. . . ." We agree with the trial court.

■ New Mexico has provided for the filing of agency rules and regulations. See §§ 4–10–13 through 4–10–19, N.M.S.A. 1953 (Repl. Vol. 2), now repealed, and §§ 71–7–1 through 71–7–10, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971). Absent a showing that the rules and regulations had been properly filed, or that these specific rules and regulations were not required to be filed, there is no showing of valid rules and regulations of an executive department. See §§ 410–19 and 71–7–6, supra; Sandoval v. Rodriguez, 77 N.M. 160, 420 P.2d 308 (1966); Maestas v. Christmas, 63 N.M. 447, 321 P.2d 631 (1958). Absent a showing of valid rules and regulations, there is no act of the State Fire Board, § 4–16–1 et seq., N.M.S. A.1953 (Repl.Vol. 2), to be judicially noticed. Murchison v. Allied Van Lines, Inc., 74 N.M. 446, 394 P.2d 596 (1964), which is relied on by plaintiff, is not applicable. *Murchison* dealt with a rule of a federal, not a state, agency, and the filing requirements applicable to state agencies were not involved.

The second matter requested to be judicially noticed was "applicable laws of nature." Section 21–1–1(44) (d), supra, subparagraph (8) provides for judicial notice of such laws. In determining whether a law of nature should be judicially noticed

 

" * * * the court may resort for its aid to appropriate books or documents of reference." Section 21–1–1(44) (d), supra.

Plaintiff sought judicial notice of ". . . applicable laws of nature . . . bearing on the properties of burning gases. . . ." It asked the court to utilize, as a reference, ". . . some portions of Vol. 6, Encyclopedia Brittanica [sic] (1969 Ed.). . . ." These portions are excerpts from an article entitled "Combustion" which discusses combustion of gases. The portions of the excerpt deemed pertinent were underlined. The underlined portions discuss how combustion occurs and state: ". . . In any particular instance, the kind of explosion which occurs is determined by the nature of the gases, their proportions in the mixture and the imposed confinement, temperature and density."

█ The trial court refused the request for judicial notice, stating it ". . . did not feel that this was properly the subject of judicial notice." We agree. The general law as to the combustion of gases, according to the excerpt, is subject to variables of mixture, confinement, temperature and density. Before this general law could be judicially noticed under § 21–1–1(44) (d) (8), supra, a showing was required as to its application. Here, there is no showing as to the variables of the general law and, thus, no showing of an "applicable" law of nature. Plaintiff being the party requesting judicial notice was obligated, under § 21–1–1(44) (d), supra, to show that it was requesting judicial notice of an *applicable* law of nature. It did not do so.

Plaintiff seems to assert that the trial court should have judicially noticed the general law, with its variables, and on the basis of that general law, ruled that defendant had not met the evidentiary burden discussed in the bailment issue. The answer is that without information as to the variables in the general law, the trial court could not apply that general law for or against either party because there was no basis for the application.

The trial court did not err in declining the request for judicial notice.

The judgment is affirmed.

It is so ordered.

COWAN and HERNANDEZ, JJ., concur.