579 P.2d 803

Gary M. **MERCER** and Cindy Sue **Wormington, Plaintiffs-Appellees,**

v.

Tajique **FLATS, a limited partnership, Peter McCanna and Vernon King, general partners, Defendants-Appellants,**

and

**Transamerica Insurance Company, Intervenor-Appellant.**

**No. 3161.**

Court of Appeals of New Mexico.

May 2, 1978.

Rehearing Denied May 10, 1978.

J. E. Casados, Gallagher, Casados & Martin, P. C., Albuquerque, for defendants-appellants.

John J. Carmody, Jr., Kanter & Carmody, P. A., Albuquerque, for plaintiffs-appellees.

## OPINION

SUTIN, Judge.

Plaintiffs, as lessees, occupied an apartment that belonged to defendant Tajique Flats. Transamerica Insurance Company, as intervenor, was an insurer of defendant. On February 14, 1976, a fire occurred in the apartment and destroyed plaintiffs' personal belongings and damaged defendant's building. Plaintiffs sued defendants for damages and recovered. Intervenor sued plaintiffs for damages to defendant's property and was denied recovery. Inasmuch as intervenor stands in the shoes of defendant, both parties will be called defendants. We affirm.

A. *The trial court did not err in failing to grant defendants a directed verdict.*

Plaintiffs' complaint alleged that defendants violated provisions of the Albuquerque Housing Code, the Fire Protection Code, and § 70–7–20, N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, 1975 Supp.) known as the Uniform Owner-Resident Relations Act.

Although no allegations of common law negligence were pled, the trial court submitted to the jury only plaintiffs' claims for damages for defendants' failure to exercise ordinary care to provide reasonable fire protection or extinguishing systems so as to provide reasonable safety to persons and property. The violations of codes and statutes were left by the wayside. At the close of plaintiffs' case, and at the close of all the evidence, defendants moved for a directed verdict. They claimed that they had no legal duty *either* under the legislative standards alleged in plaintiffs' complaint *or* under the common law to provide fire extinguishers or fire equipment systems that could be used by tenants for protection against fire. The motions were denied.

On appeal, defendants contend only that the trial court erred in not directing a verdict when plaintiffs failed to introduce the statutes and ordinances upon which they relied. This attack is repelled if plaintiffs' common law claim for damages was properly submitted to the jury.

The trial court also denied defendants' motion for a directed verdict based upon defendants' claim that they had *no common law duty* to provide fire extinguishers or fire equipment systems that tenants could use for protection against fire. Defendants' motion recognized the existence of plaintiffs' claim of common law negligence during the trial. Defendants did not attack this ruling of the court. Plaintiffs' common law claim for damages was properly submitted to the jury.

To seek an escape, "The appellants contend that the Trial Court erred in its denial of the motion for a directed verdict, for the reason that there was a complete failure of proof as to any issues essential to the claim." Defendants' motion did not include within its perimeter "a complete failure of proof." It was limited to defendants' "legal duty" to furnish fire equipment, either under the legislative standard or the common law standard. This issue is not subject to review. Even if it were, plaintiffs submitted substantial evidence to make a prima facie case for the jury.

Defendants rely on *American Employers' Insurance Co. v. Crawford,* 87 N.M. 375, 533 P.2d 1203 (1975). This case stands for the proposition that the right to jury trial disappears if the evidence fails to support an issue essential to the legal sufficiency of an asserted claim. By use of the words "asserted claim" the court was not referring to the complaint filed, but to the claim presented to the jury. In the instant case, the claim presented to the jury was common law negligence.

Defendants also rely on *Hartford Accident and Indemnity Co. v. Beevers,* 84 N.M. 159, 500 P.2d 444 (Ct.App.1972). This case involved an automobile fire loss. Plaintiff, insurer of the owner of the automobile sued defendant, a bailee upon whose premises the car was bailed for repairs. The trial court found for defendant because the loss to plaintiff did not occur through any negligence of defendant. This judgment was affirmed on appeal. Plaintiff failed to meet its evidentiary burden. Not so in the instant case.

*McKeough v. Ryan,* 79 N.M. 520, 445 P.2d 585 (1968), cited by defendants, was a rear end collision case in which the trial court entered a directed verdict for defendant on the ground that plaintiff was contributorially negligent as a matter of law. The Supreme Court reversed and held that absent a showing of a violation of a statute or ordinance, the question of whether plaintiff was guilty of contributory negligence was a question of fact for the jury. Defendants have not explained the relevance of this case, and we see none.

The trial court properly submitted plaintiffs' common law negligence claim to the jury. Defendants were not entitled to a directed verdict.

B. *Error of instruction on defendants' standard of care is not reviewable.*

The court instructed the jury:

It was the duty of defendants, before and at the time of occurrence, to use ordinary care for the safety of the prop-

erty of the plaintiffs and defendants' own property.

Defendants claim that this instruction was overbroad, and it did not acknowledge *the non-duty of a lessor to provide a fire extinguisher.* Defendants did not note that an objection was made to the instruction. We have searched the record. We cannot find any requested instructions submitted by the parties, and the court's instructions given are not numbered.

The only objection pertinent to this issue was made to the court's instruction setting out the claims of plaintiffs. We have reviewed that instruction and we find no reference to defendants' duty to provide reasonable fire protection or extinguishing equipment.

Defendants argue at length *"The general rule of a Lessor's non-liability to a lessee,"* and, *"The specific lack of a duty to provide fire fighting equipment."* These arguments are extrinsic to the question of error in giving the instruction. The above instruction is not directed to the arguments made. It is directed to a duty of defendants to exercise ordinary care.

No objection was made to the above instruction and this matter was not presented to the court below. Claimed error in giving this instruction is not subject to review. On the duty of a landlord to a tenant, see, *Barham v. Baca,* 80 N.M. 502, 458 P.2d 228 (1969).

■ C. *Plaintiffs' contributory negligence was not established as a matter of law.*

Defendants rely upon the following facts to establish as a matter of law that plaintiffs were guilty of contributory negligence.

For two weeks prior to the fire, the statements of plaintiffs and a guest indicate that the living room lamp flickered on and off when they walked past it. Mercer testified that he replaced the bulb about a week before the fire, but the lamp continued to flicker. He removed the second bulb two or three days later; however, he failed to unplug the lamp, and it appears uncertain if

he also failed to turn off the lamp. Plaintiffs failed to give any notice to defendants as to the condition of the lamp. Two employees of the fire department investigated the fire; both concluded that it was an electric fire and one found that the lamp was the most probable cause of the fire.

Based upon this evidence, defendants argue that plaintiffs knew of a defect in the lamp and failed to notify defendants of this dangerous situation; that this constitutes contributory negligence. The only case cited in support is *Perez v. Miller,* 80 N.M. 213, 453 P.2d 383 (Ct.App.1969).

In *Perez,* plaintiff was licensed by the Liquified Petroleum Commission as an "installer." He was in charge of removing old heaters and installing new heaters on defendant's premises. Plaintiff turned on the gas supply in the storage room while testing his installation of a new heater on another part of the premises. As he was leaving the storage room, having capped the outlet, a refrigerator or freezer "kicked on" and the explosion followed. Plaintiff was held guilty of contributory negligence as a matter of law.

To compare *Perez* with the instant case is to set one's teeth on edge. Plaintiffs were not contributorily negligent as a matter of law.

■ D. *The intervenor is not entitled to a new trial.*

Under this point, Transamerica, the intervenor, argues that the trial court erred in its refusal to grant its motion for a directed verdict due to the lessees' negligence. "At the least, they contend that they are entitled to a new trial."

The intervenor contends that the trial court erred in instructing the jury that defendant Tajique Flats, its insured, owed a duty of "ordinary care" to the plaintiffs; that "[s]uch an instruction was erroneous, and its taint has inherently and inexorably permeated the position of the plaintiff in intervention, Transamerica Insurance Company, in its claim to recover against the lessees for the damages caused by the fire." This language is elegant but ineffectual.

As heretofore shown, defendants did not object to the instruction given. Intervenor was not entitled to a new trial.

Affirmed.

IT IS SO ORDERED.

LOPEZ, J., concurs.

HERNANDEZ, J., specially concurring.

HERNANDEZ, Judge (specially concurring).

I concur in the result reached by the majority but for the following reasons. Defendant's first point of error was:

"That the trial court erred in not directing a verdict when the plaintiffs failed to introduce the statutes and ordinances which they relied upon in their claim of negligence per se."

Defendants seemingly forget that the trial court in the pretrial order limited plaintiffs to the following claim:

"that defendants negligently maintained the premises in such a condition that the electrical system was unsafe and the fire protective and extinguishing system was inadequate * * *."

That is, the plaintiffs' theory was limited to an allegation of common law negligence. Defendants did not object to this part of the pre-trial order at the time it was entered, nor did they subsequently move to have it amended. The trial court, consistent with this limitation, did not permit the plaintiffs to introduce into evidence the statute and ordinances which formed the basis of their claim of statutory negligence (negligence per se). I appreciate the reason which the trial court gave for its action. Since the court could not understand the statutes and ordinances, it could not expect the jury to understand them. But regardless of the reason, the action of the trial court was consistent with the pre-trial order. The plaintiffs' claim was to be submitted to the jury on the basis of common law negligence, not negligence per se. It was, therefore, not error for the trial court to refuse to direct a verdict at the close of plaintiffs' case-in-chief for plaintiffs' failing to introduce the statutes necessary for negligence per se.

I choose to discuss defendants' points of error II and IV together:

II. That the trial court erred in instructing the jury as to the standard of care owed by the lessor to the lessee.

IV. The intervenor is entitled to a new trial based upon the erroneous standard of care imposed upon the lessor by the trial court.

The instruction referred to read as follows: "It was the duty of defendants, before and at the time of occurrence, to use ordinary care for the safety of the property of the plaintiffs and defendants' own property." I consider the giving of this instruction harmless error. The appropriate instruction which should have been given is N.M. U.J.I. Civ. 10.9: "A landlord must use ordinary care to keep the [stairs, hallway, other] in a reasonably safe condition (for the purposes for which the [stairs, hallway, other] were reasonably intended)." The directions for use state: "The instruction may only be used where there is more than one tenant in the building and portions of the building are reserved for common use." It is apparent from the record that there were several apartments in the building where plaintiffs' apartment was located. Just exactly how many is not shown; however, there were 154 apartments in the total complex.

The trial court in formulating the issues in its instructions stated the following:

"The plaintiffs claim that they sustained damages, and that the proximate cause thereof was one or more of the following claimed acts of negligence:

One: Failure on the part of the defendants, as owners of the premises, to exercise ordinary care to provide reasonable fire protective or extinguishing systems so as to provide reasonable safety to persons and property * * *."

Considering how specifically the trial court formulated the issue, I do not believe that the jury could have been misled by the instruction which was given.

The Supreme Court of Pennsylvania in *Bowser v. Artman,* 363 Pa. 388, 69 A.2d 836, 837, 12 A.L.R.2d 213 (1949) stated the rule applicable in situations such as this:

"It is well settled that those parts of a building which are used in common by the tenants remain under the control of the landlord [citations omitted]. In the instant case, since the fire escape was for the use of all third floor tenants, it remained under defendants' control and it was their duty to maintain the fire escape in proper repair."

We are precluded from deciding this case on the theory of warranty of habitability or of statutory negligence, because the warranty count was dismissed before trial and the statutory negligence theory was excluded by the pre-trial order; but the common law negligence theory on which plaintiffs tried the case is broad enough to support the verdict in their favor. *Bowser, supra,* speaks only of the landlord's duty to maintain the common areas in proper repair, but the landlord also has a duty to construct or provide facilities in the common areas such as fire escapes and fire extinguishers where they are reasonably necessary for the safety of the tenants. Long before the courts began to interpret leases as contracts under which the landlord issued an implied warranty of habitability, the Court of Appeals of Kentucky determined that the common law of negligence provided a sufficient basis for imposing such a duty:

"[The landlord's] duties in the premises require at his hands the exercise of such care in the actual construction or making of repairs to [common] portions of his leased building as well as to maintain them in a reasonably safe condition." *Nash v. Searcy,* 256 Ky. 234, 75 S.W.2d 1052, 1054 (1934).

Plaintiff Mercer, after discovering the fire, jumped from the second-floor bedroom window to the ground. He then started looking for a fire extinguisher but was unable to find one. In the hallways of the building where plaintiffs' apartment was located, there were cupboards built into the walls at various places, each of which had a faucet and space for a fire hose. The doors to these cupboards were painted either brown or black. There were no signs or anything else on the outside to indicate what they were for. It was discovered after the fire that in only one of these cupboards in plaintiffs' building was there a fire hose, and that was too far from plaintiffs' apartment to have been of any use even if Mercer had found it. The defendants had the duty to use ordinary care in installing equipment to extinguish or prevent the spread of fire. This equipment was required to be kept in a reasonably safe condition to accomplish the purposes for which such equipment was reasonably intended.

Defendants' third point, "The lessees' contributory negligence was established as a matter of law and therefore they are precluded from any recovery from the lessors' ", is without merit.

The plaintiffs had noticed that the lamp flickered when one walked near it. They thought this might be due to the light bulb and they changed it. The lamp still continued to flicker. They removed the bulb but did not unplug the lamp. The fire started in the area of the lamp. In my opinion, this was a situation where reasonable men could fairly differ as to whether plaintiffs were guilty of contributory negligence. The trial court, therefore, properly submitted the question to the jury. *Olguin v. Thygesen,* 47 N.M. 377, 143 P.2d 585 (1943).