624 P.2d 1012

**NEW MEXICO FEEDING CO., INC.,**
**Plaintiff-Appellee,**

v.

**John KECK, Defendant-Appellant.**

**No. 12919.**

Supreme Court of New Mexico.

March 16, 1981.

Sherman & Sherman, Frederick H. Sherman, Deming, for defendant-appellant.

Smalley & Hill, Roy G. Hill, Deming, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

This is a suit brought by appellee New Mexico Feeding Company, Inc. in the District Court of Luna County, for money allegedly due under a contract to provide services and feed to appellant John Keck's cattle. The case was tried to the court without a jury and judgment was entered against appellant in the amount of $46,-766.71, together with attorney fees of $4,676.67 and costs. He appeals. We affirm. We note that the present counsel for appellant was not retained until shortly before the trial.

Appellee's complaint was filed on February 16, 1979. Appellant was served on March 12, 1979. Appellant, pro se, answered on May 11, 1979. Trial was set for September 27, 1979. Appellant Keck filed a motion for continuance on September 24, 1979, alleging that he had not been able to obtain an attorney, that he had just learned one and one-half weeks prior thereto that appellee's president, who was a principal party to the contract, had died and that appellant's principal witness had been called out of state due to the grave illness of his mother. The court denied appellant's motion for continuance. The court refused to allow appellant to amend his pleadings to allege a counterclaim but permitted an allegation of set off. A motion for a new trial was denied without a hearing on December 17, 1979.

Appellant's counsel has set forth very efficiently a summary of the trial court's findings, and this Court will recite appellant's statement here. The court found that appellee is in the business of operating a cattle feedlot. On September 11, 1978, appellee and appellant entered into a contract, the express terms of which were: (1) appellee would accept appellant's cattle for feeding at the lot in Luna County; (2) appellant would pay the cost of the feed plus $15.00 per ton for all mixed feeds, and would pay for the unchopped hay fed at the rate of $2.50 plus 25 cents service charge per bale.

The implied terms of the contract were: (1) appellee would provide the feed and determine the amount of concentration of rations; (2) appellee would provide the facilities for such feeding operations and reasonable care of the cattle while there; and (3) appellant would pay for veterinarian care, medication and inspection.

Appellee's feedlots were under quarantine for brucellosis during all times involved, and that was known to appellant, through his agent, before any cattle were delivered to the lots. On or about September 12, 1978, appellant started delivering cattle to appellee for feeding pursuant to the contract, and a total of 1,606 head of cattle were so delivered. Appellee fed the cattle as agreed and cared for them in a husbandry-like manner. Twenty-two head of appellant's cattle died while under appellee's care through no fault of appellee.

Severe wet weather conditions prevailed during the time the cattle were in the lots which delayed brucellosis testing, a necessary procedure before the cattle could be removed from the lots, requiring the cattle to be fed longer than intended. The wet weather conditions also caused the cattle to require more feed with less gain.

Appellee billed appellant by the month during the time his cattle were in its lots, including part months on open account. The feed provided and fed to the appellant's cattle and the veterinary care, medication and inspection advanced by appellee under the contract amounted to a total of $146,766.71. Appellant paid to appellee on account the sum of $100,000.00, leaving a balance owing to appellee of $46,766.71. The court also found that a reasonable amount for appellee's attorney fees was 10% of the balance due.

Appellant requested findings of fact which were contrary to or at least partially contrary to those found by the court. These requested findings pertained to various separate agreements by the parties relating to moving the cattle; number of cattle involved; contract price for feeding the cattle; the method of care of the cattle; the quarantine status of appellee's premises; the extremely muddy conditions of the premises; misrepresentations by appellee; failure on the part of appellee to remove the cattle when proper to do so, and other matters.

· Appellant raises three contentions on appeal that we discuss: They are: I. The trial court erred (a) in failing to grant a continuance; (b) in failing to permit amendments; (c) in permitting a witness to be called on rebuttal but refusing to permit a witness to be called on surrebuttal; and (d) failure to grant a new trial; II. The trial court erred in allowing attorney fees; and III. The trial court erred in its findings in favor of appellee; or stated broadly, there is no substan-

tial evidence to sustain the trail court's findings.

*ISSUE I.*

(a) *Continuance.*

■ The granting or denying of a continuance is a matter within the sound discretion of the trial court and it will not be reviewed on appeal except where plain abuse is demonstrated. *Schmider v. Sapir,* 82 N.M. 355, 482 P.2d 58 (1971).

■ For a period of more than six months, appellant allowed the case to proceed without benefit of New Mexico counsel and then three days before trial appellant submitted a motion for continuance. In the motion for continuance appellant contends that it was necessary to obtain discovery. Discovery procedure was available to appellant but through his own delay and lack of diligence in obtaining an attorney, he waited six months from the date the complaint was filed and about four and one-half months from the date the answer was filed to obtain counsel and to file for a continuance. Under those circumstances, we cannot say that the trial court abused its discretion.

(b) *Amendment.*

With reference to claimed error for failure to permit an amendment, it appears that the amendment went only to the amount of recovery sought. The court considered the pleadings amended to include open account subject to set off. The record shows the following statement by the court:

The Complaint does show the amount due, and how they arrived at that, of course, is admissible in evidence. The fact that they pled something different from maybe than what was in there, they didn't change the theory of the case.

The Court will allow the amendment that that's involved. I think, personally, it's a plus. I think they can plead an open account by saying he ran an open account, and after applying all the set-offs, there's a certain balance due. I think that's a sufficient pleading.

■ In any event, the applications for amendments are addressed to the sound discretion of the court, and its actions in granting or denying permission to amend is subject to review only for a clear abuse of discretion. *Vernon Company v. Reed,* 78 N.M. 554, 434 P.2d 376 (1967). We find no abuse of discretion under the facts in this case.

(c) *Examination of Witnesses.*

The rules of construction set out above concerning the objections to and the materiality of the evidence are applicable to the claimed error of the trial court in permitting the testimony of a witness on rebuttal and refusing the testimony of a witness on surrebuttal.

■ The scope and extent of cross-examination rests largely within the discretion of the trial court. *Francis v. Johnson,* 81 N.M. 648, 471 P.2d 682 (Ct.App.1970). This rule applies with equal force to recross-examination, rebuttal and surrebuttal. *See Cal. Sugar & W. P. Co. v. Whitmer Jackson & Co.,* 33 N.M. 117, 263 P. 504 (1928), and *Phillips v. Smith,* 87 N.M. 19, 528 P.2d 663 (Ct.App.1974), *cert. denied,* 87 N.M. 5, 528 P.2d 649 (1974).

(d) *Motion for New Trial.*

Appellant, under this point, reiterates the argument presented under Issue I.(a)—Continuance, and Issue I.(b)—Amendment. He takes the same position in support of his argument under this point: that the additional discovery was necessary by reason of the death of witness Porter and the prior unavailability of witness Bryan.

■ Here again, discretion lies with the trial court to grant or deny the motion for a new trial and an appellate court will review and reverse only if there is a clear abuse of discretion. *State ex rel. State Highway Dept. v. Robinson,* 84 N.M. 628, 506 P.2d 785 (1973). We find no such abuse of discretion under the facts here.

■ Appellant also contends that the trial court erred in refusing to grant a new trial because no hearing on the motion was

held. Neither appellant nor appellee have cited a case which requires a hearing on a motion to grant a new trial. Rule 59 of the New Mexico Rules of Civil Procedure, N.M. S.A. 1978 (Repl.Pamp.1980), does not require a hearing, except under subparagraph (c), which provides that a trial court may grant a motion for a new trial, *after notice and hearing, for a reason not stated in the motion.* That is not the case here.

## ISSUE II.

### Attorney Fees.

The trial court made a finding of fact concerning the contract being in existence and also a finding on open account. The trial court's statement concerning an amendment to the pleadings appears above under Issue I.(b)—Amendment. This clearly shows that the parties and the court understood that the case was tried on the theory of an open account. The trial court concluded that an attorney's fee was proper since the cause proceeded on the theory of an open account, § 36–2–39, N.M.S.A. 1978. For a definition of what constitutes an open account see *Gentry v. Gentry,* 59 N.M. 395, 285 P.2d 503 (1955).

The question of reasonableness of the amount of attorney fees was not brought to the attention of the court by appellant. Except in certain limited situations not applicable here, matters not brought to the attention of the trial court cannot be raised on appeal. *Albuquerque Prod. Credit Ass'n v. Martinez,* 91 N.M. 317, 573 P.2d 672 (1978). In any event, the record sufficiently discloses facts concerning preparation of the case, length of trial, complexity of the issues and the known competency of counsel for both parties to sustain the award by the trial court of attorney fees to appellees in the amount of $4,676.67.

## ISSUE III.

### Substantial Evidence and Error in Denying Appellant's Requested Findings.

Under this point appellant contends that certain of the court's findings are not supported by substantial evidence. The particular findings which are attacked relate to the responsibility of appellee for the cattle that died because appellee fed them a high energy ration; that the mud caused the appellee to feed the cattle more at a greater cost; and that the appellee was not responsible for the muddy conditions.

We could recite evidence supporting appellant's contentions and we could recite evidence from the record supporting appellee's contentions. We think it is sufficient to state that the evidence is voluminous and in some respects confusing and conflicting. When evidence is conflicting we review it in the light most favorable to the person for whom the trial court entered judgment and if there is substantial evidence to support the findings of the court we will not disturb those findings on appeal in the absence of a clear abuse of that discretion. *Flinchum Const. Co. v. Central Glass & Mirror,* 94 N.M. 398, 611 P.2d 221 (1980). For example, the testimony of Asa Porter and other witnesses contained lengthy explanations of reasons for the death of the 22 head of cattle. The same testimony contained an explanation of the muddy conditions. As a matter of fact, it had rained throughout the entire county. With reference to the request by appellant that the cattle be moved to higher and drier grounds, the answer of appellee's witness was that the pens were under quarantine and there was no rancher who was going to take cattle who had been in a feedlot under quarantine. Appellant knew that appellee's feedlot was under quarantine for brucellosis at the time appellant delivered the cattle to appellee. In addition, there was evidence that some of the cattle delivered by appellant were in such weak condition that they could not effectively utilize even the hay which they were fed. Consequently, there was a loss in weight until such time as the cattle became accustomed to the feed. With reference to the cattle which were in better shape, the adverse weather conditions required the cattle to use more energy to maintain their body weight which in turn required more feed for each pound that the cattle gained. We could continue indefi-

nitely with excerpts from the record of the evidence, but that is not the responsibility of this Court. We have reviewed the evidence and the exhibits to the extent necessary to satisfy us that there is substantial evidence in the record to support the findings made by the trial court.

■■ Appellant also contends that appellee should be liable to appellant as a bailee. Under the law of bailment, if the property of the bailor (appellant) is returned damaged or cannot be returned at all, the bailor, in order to recover against bailee, must show that he first delivered the property in good condition. If that showing is made then there arises a presumption that the bailee is negligent and it casts upon the bailee the burden of going forward with evidence to overcome the presumption. *Gray v. E. J. Longyear Company*, 78 N.M. 161, 429 P.2d 359 (1967); *Hartford Accident and Indemnity Co. v. Beevers*, 84 N.M. 159, 500 P.2d 444 (Ct.App. 1972); *Lebow v. McIntyre*, 79 N.M. 753, 449 P.2d 661 (Ct.App.1968).

■ The record before us in this case contains testimony that the cattle, except for a small number of mature cows, were not in good condition when delivered to appellee by appellant. In fact, the evidence shows that they were in terrible condition. Even if we were to assume that the condition of the cattle was satisfactory at the time of delivery, the evidence shows that appellee properly explained the reason for the losses and the failure to have the cattle in better shape at the time of delivery to appellant. This evidence overcame any presumption of negligence of appellee.

We have reviewed other issues raised by appellant and deem them without merit. The trial court is affirmed.

IT IS SO ORDERED.

EASLEY, C. J., and RIORDAN, J., concur.